WILLIAM W. BAKER, Appellant, *v.* OTIS ELEVATOR COMPANY,
Respondent.

*Negligence — fall of a fireman into a factory elevator shaft — when the owner of the
factory is not liable.*

The proprietor of a factory in a city is not liable to a fireman employed by the
city who, while fighting a fire in the factory in the early morning while it is
still dark, steps into an elevator well which is not guarded on the side from
which he approaches it, in the absence of any statute or city ordinance requir-
ing elevator wells in factories to be guarded, particularly where it does not
appear that the fireman entered the building by any entrance which the pro-
prietor could reasonably have anticipated would be used, even in case of fire,
or that the dangerous condition was not produced by the action of the fireman's
companions in removing the guard rail and moving the elevator.

APPEAL by the plaintiff, William W. Baker, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Westchester on the 24th day of
December, 1900, upon the dismissal of the complaint by direction ·
of the court at the close of the plaintiff's evidence on a trial at the
Westchester Trial Term, and also from an order entered in said
clerk's office on the 11th day of January, 1901, denying the plain-
tiff's motion for a new trial made upon the minutes.

*John F. Brennan,* for the appellant.

*Lewis H. Freedman* [*John Notman* with him on the brief], for
the respondent.

WOODWARD, J.:

The plaintiff seeks to recover damages for injuries sustained by
him while engaged in fighting a fire in the defendant's factory in
Yonkers, the complaint alleging negligence on the part of the
defendant in leaving an elevator well open and unguarded. The
complaint was dismissed at the close of plaintiff's evidence, and
appeal comes to this court.

The facts which may be deemed to have been established by the
evidence are that on the 1st day of September, 1899, a fire broke
out in the factory of the defendant at about five o'clock in the
morning, and while it was yet dark, the weather being threatening;

that an alarm was sent in from the special alarm box of the defendant; that the plaintiff, who was employed by the city of Yonkers in its fire department as a driver of a hose truck, with others, after blanketing his horses and turning them over to the care of a bystander, entered the building of the defendant by an entrance differing from that through which the engine company's crew had preceded him, and started to go straight through the place in search, we may assume, of the fire. The place was filled with smoke, and the plaintiff says he could just see a streak of light from the vicinity of the freight elevator where he fell, and while he was thus proceeding, with what he says he thought was great care, he stepped into the elevator well and fell a distance of several feet, sustaining the injuries for which he seeks recovery. The elevator was used for carrying freight, and it appears that while there was a guard rail on one, perhaps on three sides of the same, there was none at the side where the plaintiff was approaching, and the contention of the plaintiff is that the defendant owed him the duty of protecting this. elevator well. It is not suggested that there was any ordinance of the city of Yonkers which required that elevator wells in factories should be guarded, nor that there is any statute making such guards necessary (*Malloy* v. *N. Y. Real Estate Assn.*, 156 N. Y. 205, 212; *McRickard* v. *Flint*, 114 id. 222, 226), and no rule of the common law suggests itself which would hold a manufacturer liable under the circumstances disclosed by the evidence in this case. While it is true that every manufacturing plant and other combustible building is liable to fires, it cannot be the rule of law in this State that every manufacturer is bound to leave his factory at night in such a condition that no one entering it for the purpose of putting out a fire in the darkness will be liable to encounter dangers. Factories stand for years without fires, and it would be a harsh rule to hold that a manufacturer owed the duty to a fireman to anticipate and guard against any possible accident by a fall through a hole in the floor or by reason of the machinery not being lighted and guarded.

But in the case now before us it does not appear that the plaintiff entered the building by any way which it was reasonable for the defendant to anticipate any one would enter even for the purpose of putting out a fire, and there is no evidence that the elevator was in

the position in which it was left by the defendant and its servants the night before. So far as the evidence discloses, the engine crew, who concededly entered the building ahead of the plaintiff, may have removed the guard rail and may have moved the elevator, leaving the hole open and producing the dangerous condition. The evidence of the plaintiff suggests that the elevator was up above the floor or point from which he fell, but it does not appear that it was in this position at the time the defendant left it the night before. The most that can be said is that the plaintiff fell into a hole which was at the time open and unguarded, but which is not shown to have been in that position prior to the time that plaintiff's fellow-laborers in the fire department entered the building.

The motion to dismiss the complaint was properly granted, and the judgment appealed from should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ.

Judgment and order unanimously affirmed, with costs.