### WITHERS v. BROOKLYN REAL ESTATE EXCHANGE, Limited.

(Supreme Court, Appellate Division. Second Department.    June 23, 1905.)

1. NEGLIGENCE—DANGEROUS PREMISES—PERSONAL INJURIES—TRESPASSERS.

An intending tenant, who, on going to the office of the superintendent of a building, and finding on the door a sign directing him to inquire of or see the engineer, descends to the boiler room in search of the engineer, and is injured by falling into an unguarded ash pit, is not a trespasser, so as to prevent recovery for his injuries, though there was a sign reading, "No Admittance," near the boiler-room entrance, as the sign on the door of the superintendent's office was an invitation to find the engineer wherever he might be on the premises.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 41–46.]

2. SAME—CARE REQUIRED.

Where the invitation of the owner of a building leads a person into the basement thereof, the owner is liable for a failure to exercise reasonable care to prevent such person from falling into an ash pit there.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 42, 43.]

3. SAME—EVIDENCE OF PREVIOUS ACCIDENTS.

Evidence of previous accidents at such ash pit was admissible to establish knowledge on the part of the owner as to its dangerous character.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 406–410; vol. 37, Cent. Dig. Negligence, § 247.]

Appeal from Trial Term, Kings County.

Action by Austin Withers against the Brooklyn Real Estate Exchange, Limited. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

L. Sidney Carrere, for appellant.

James C. Cropsey (Charles C. Clark, on the brief), for respondent.

WILLARD BARTLETT, J. The plaintiff went to the defendant's building in Brooklyn for the purpose of renting an office, arriving there between half-past 4 and 5 o'clock in the afternoon. He inquired of the elevatorman for the superintendent or janitor, and was directed by him to go to room 404, on the fourth floor. This he did, and upon arriving there he found the door locked, but bearing a sign in these words: "Inquire of Chauncey & Co. or of the engineer in the building." The plaintiff thereupon retraced his steps to the elevator, and inquired of the elevator man where to find the engineer. The elevator man said that the engineer was in the cellar, and directed the plaintiff to a porter, who took him downstairs into the basement cellar; saying he would show him where the engineer was. In going down the stairway the plaintiff noticed a sign saying, "No Admittance," at the bottom of the steps. He seems to have paid no attention to this admonition, but went right on into the basement, following the porter; and as he proceeded through the cellarway he fell into an unguarded ash pit in front of the boilers, which was about seven feet square and five feet deep, and sustained the injuries which have given rise to this action.

In arguing that the motions to dismiss ought to have been granted, the learned counsel for the appellant attributes the accident entirely to the fact that the plaintiff went into a part of the building which was never intended to be used except as a basement and cellar room, and characterizes this act as "a most uncommon thing to do." It seems to us, however, to have been a perfectly natural thing for an intending tenant to do, who, upon going to the office of the superintendent of the defendant's building, found on the door thereof a notice directing him to inquire of or see the engineer. That notice was an invitation to find the engineer wherever he might be on the premises, and in acting upon it the plaintiff had a right to seek the engineer, as he did, in the boiler room. The sign bearing the words "No Admittance," which he encountered on his way thither, did not necessarily constitute such a prohibition as to make him a trespasser, under the circumstances. The plaintiff might well infer that a general rule of the defendant against admission to the basement was not intended to apply to those who, finding the door of the superintendent's office locked, were instructed by a notice thereon to seek the engineer, and had come in search of him to that part of the building, where he was most likely to be found.

The invitation of the defendant having led the plaintiff into the basement, the defendant was liable for a failure to exercise reasonable care to prevent him from falling into a trap there; and the ash pit into which the plaintiff fell was hardly less than a trap, being unprotected on three sides, and only with great difficulty discernible in the afternoon light. Proof of previous accidents there tended to establish knowledge on the part of the defendant of the dangerous character of the pit, and was proper for that purpose.

There was no substantial error in any of the rulings upon the trial, the verdict was not excessive, and the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.