JOHN F. MEIERS, Appellant, *v.* FRED KOCH BREWERY, Respondent.

Fourth Department, November 14, 1917.

Negligence — liability for injury to fireman who fell in coal pit upon defendant's premises — duty of defendant to warn firemen of danger — fireman not mere licensee by sufferance — proof of accident at previous fire — Labor Law, section 79, requiring protection of wellholes, etc., of factories, not applicable.

Where, in an action by the chief engineer of a city fire department to recover for personal injuries sustained from falling into a coal pit upon the defendant's premises, it appears that on the night of the accident the defendant's night watchman, upon discovering a fire, notified the fire department by telephone; that the plaintiff, after reaching the premises went along a driveway which was paved for a distance from the street and upon reaching the end of the pavement fell into the coal pit which is about eight feet deep and was unprotected and apparently unlighted; that the pit was unknown to the plaintiff at the time of the accident; that a fire had occurred at the same place about a month before, upon which occasion some of the firemen went along the same driveway, and the plaintiff offered to show that an accident happened at the pit and that plaintiff was present at this fire, but it does not appear that he knew of the accident, a judgment granting a nonsuit should be reversed and a new trial ordered.

Under the circumstances, the defendant was required to use reasonable precaution to warn the firemen of the danger of the open pit, and whether or not it did this was a question of fact for the jury.

The plaintiff was not a mere licensee by sufferance.

Section 79 of the Labor Law, requiring hoistways, hatchways and wellholes of factories to be protected, has no application.

Proof of an accident at the time of the first fire under similar conditions was proper upon the question of notice.

FOOTE and DE ANGELIS, JJ., dissented.

APPEAL by the plaintiff, John F. Meiers, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Chautauqua on the 14th day of April, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case, and also from an order entered in said clerk's office on the 12th day of February, 1917, granting defendant's motion for a nonsuit and directing a verdict in its favor.

*Nugent & Heffernan* [*Thomas P. Heffernan* of counsel], for the appellant.

*Shire & Jellinek* [*Vernon Cole* of counsel], for the respondent.

KRUSE, P. J.:

The plaintiff fell into a coal pit upon the defendant's premises. He was hurt and seeks to recover damages for the injuries so sustained. A verdict was directed against him at the Trial Term and he appeals.

He was chief engineer of the fire department in the city of Dunkirk. The defendant was the owner of a brewery in that city. On the night of September 24, 1915, a fire occurred in a barn upon the brewery premises. The night watchman discovered the fire and telephoned to the central exchange, requesting that the fire department be notified. The exchange notified the plaintiff at his residence; he at once started to go to the fire.

After reaching the premises he went along a driveway leading from the street toward the barn on the northeasterly side of the brewery. It is paved with brick from the street for the distance of about 153 feet. At the end of the brick pavement is a coal pit, into which the plaintiff fell.

The pit is about eight feet deep, made of concrete and stone with brick flooring, and used for storing coal to feed the boilers. Upon this occasion the end of the pit next to the pavement was not filled with coal. The pit was unknown to the plaintiff and at the time of the accident it was unguarded and very dark. There was a small incandescent electric light over the loading platform located between the pavement and brewery some distance from the pit, also one at a garage near the pit, and usually there were lights in the engine room of the brewery, which had windows near the coal pit. Concededly

the light at the garage was not lighted and the watchman is not certain that the light over the loading platform was lighted at the time on the evening of the fire.

It is contended that the fire had caused the lights to go out just before the plaintiff reached the pit. But it is a question whether, even if lighted, they would have given sufficient light to enable the plaintiff to see the pit.

A fire had occurred at this same barn about a month or six weeks before. Upon that occasion some of the firemen went along this same driveway, and the plaintiff offered to show that an accident happened at the pit at that time, but the offer was excluded. The plaintiff was present at the first fire, but it does not appear that he knew of this accident. At that time he took a driveway on the southwesterly side of the brewery.

I think it could reasonably have been anticipated when the call for the second fire was given that firemen would take this dangerous driveway as before. It was used constantly by the defendant and others having business upon the premises, and any one using it could reasonably expect that it was reasonably safe.

Under these circumstances I think the defendant was required to use reasonable precaution to warn the firemen of the danger of this open pit, and whether the defendant did all in that regard that could reasonably be expected of it was a question of fact for a jury.

I think the plaintiff was not a mere licensee by sufferance. The rule applicable to this case is well stated in a leading text book: " The occupant of land is bound to use ordinary care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, express or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. The extent, however, of his legal obligation is to use ordinary care and prudence to keep his premises in such condition that visitors may not be unnecessarily or unreasonably exposed to danger." (S. & R. Neg. [6th ed.] § 704.)

Counsel for respondent cites several authorities to uphold

the nonsuit, among others, *Baker* v. *Otis Elevator Co.* (78 App. Div. 513); *Eckes* v. *Stetler* (98 id. 76) and *Racine* v. *Morris* (136 id. 467). In the *Baker* case a fireman stepped into an unguarded elevator well in a burning building. In that case it did not appear that the plaintiff entered the building by any way which was reasonable for the defendant to anticipate any one would enter, for the purpose of putting out a fire, and there was no evidence that the elevator was in the position in which it was left by the defendant and its servants the night before. In the *Eckes* case a fireman was likewise injured in a burning building by the fall of an elevator. The action there was brought under a statute, but it was held that there was no liability, either under the statute or at common law, for the failure to properly guard the elevator shaft and not close the hatchways. In the *Racine* case a police patrolman discovered a door ajar. He intended to search the premises and secure the door, as was his duty. He pushed the door open further, stepped inside and fell. It appeared to be a passageway from the street into the building, but in fact was an opening from the sidewalk into an unguarded elevator shaft. In that case it was held there was no liability under the rule of common law, but a recovery was upheld under a statute. It is there broadly stated that firemen and policemen on private premises in the performance of their duty are licensees by operation of law, and not upon the premises by invitation of the owner, express or implied, although the Court of Appeals in affirming the judgment declined to discuss or express any opinion as to whether the defendant was liable under the common law. (*Racine* v. *Morris*, 201 N. Y. 243.)

That may be a correct statement of the law applicable to the facts of that case. But I am unable to see why a recovery may not be had against an owner of premises by a policeman or fireman who has been called by the owner to discharge a public duty on the premises beneficial to the owner, and is injured because of the carelessness of the owner in failing to warn him of an unsafe passageway upon the premises, which the owner can reasonably anticipate the officer or fireman will take.

I am not aware that the precise question has been decided by the Court of Appeals. But the Supreme Court of Massa-

chusetts has held, upon quite a similar state of facts, that the owner was liable. (*Learoyd* v. *Godfrey*, 138 Mass. 315.) It there appeared that a police officer went upon premises to stop a disturbance and arrest the disturber. It was his duty to do so under the statutes of that State, and he was also invited by the occupant, whose son was making the trouble. In leaving the premises he fell into a well in an open space, which he had a right to understand from the appearance was the intended mode of approach to the tenement where the disturbance occurred. A recovery was sustained in that case.

The appellant also contends that the defendant is liable under section 79 of the Labor Law, which requires hoistways, hatchways and well holes of factories to be protected on all sides at each floor by substantial vertical inclosures. (Consol. Laws, chap. 31 [Laws of 1909, chap. 36], § 79, as amd. by Laws of 1914, chap. 366.) I think that statute has no application to this situation.

As to the point that proof of the accident at the time of the first fire was improperly excluded, I think if there was an accident under similar conditions as here, it was proper upon the question of notice. (*Withers* v. *Brooklyn Real Estate Exchange, Ltd.*, 106 App. Div. 255.)

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred, except FOOTE and DE ANGELIS, JJ., who dissented and voted for affirmance.

Judgment reversed and new trial granted, with costs to appellant to abide event.