THEODORE J. SKUPEEN, Appellant-Respondent, v. CITY OF NEW YORK, Respondent, and LEHIGH VALLEY RAILROAD COMPANY, Respondent-Appellant.

First Department, February 20, 1968.

*Thomas V. McMahon* of counsel (*Conboy, Hewitt, O'Brien & Boardman,* attorneys), for respondent-appellant.

*Murray L. Lewis* of counsel (*James J. Lopilato* and *Harry H. Lipsig,* attorneys), for appellant-respondent.

STEUER, J. P.  In this action for personal injuries the court set aside a verdict for $20,000 on the ground that it was excessive, unless plaintiff would stipulate to accept the sum of $3,000. Plaintiff refused to so stipulate and the status of the action now is that a new trial is required.  We believe that a new trial is necessary but upon other grounds, namely, that issues decisive of plaintiff's right to recover were never litigated.

Before discussing the latter proposition, as on the new trial to be had the same situation in regard to damages may arise again, our views in regard to it are stated.  The main ground upon which the learned trial court disagreed with the jury's finding was that he believed the bulk of the award was intended to compensate plaintiff for an injury to his knee.  Whether there was such an injury and, if so, whether it assumed the proportions claimed and whether it resulted from the accident, were questions left in grave doubt by the testimony, especially in view of the fact that no treating doctor and no hospital record supported the claim, it resting solely on the testimony of a physician who examined for the purpose of giving testimony.  Without determining at this time whether these factors were sufficient to warrant the action taken by Trial Term, we suggest that resolution of the issue might well be assisted by reference of this particular injury to the medical panel.

Plaintiff sued two defendants, the Lehigh Valley Railroad and the City of New York.  On the trial the complaint was dismissed as regards the city.  While plaintiff's notice of appeal brings this ruling up for review, plaintiff did not complain about the ruling nor argue any reason for its invalidity, and we deem that portion of the appeal abandoned and the city remains out of the case.

Plaintiff is a Sergeant in the Police Department and at the time in question was in charge of a police launch of the Harbor Precinct.  On January 25, 1959, while on patrol the launch received a radio call that an automobile had gone into the river in the vicinity of the pier at the foot of West 27th Street.  The

pier is owned by the city and leased to the defendant railroad. Arriving in the vicinity, plaintiff climbed up on the pier in order to supervise the attachment of lines to the vehicle, which was found submerged in the river. While on the pier and engaged in this activity, plaintiff stepped into a hole in the surface of the pier and thereby suffered his injury.

Defendant contends that along one side of the pier and attached to it was an installation called a float bridge. Railroad cars are brought to the bridge on barges and transported across it to the shore. The pier itself was not used. Whether the purpose of the lease was to obtain an anchorage for the bridge or to give defendant proprietary rights to enable it to use the area covered by the bridge does not appear. Unfortunately, the nature of the float bridge and its relationship to the pier are not adequately described in the record and, while the photographs indicate the hole as being in the pier itself, there is frequent reference to its being in the float bridge.

The rights of a police officer (as well as of certain other officials) to enter upon property are not governed by the general rules affecting licensees and invitees. His position is *sui generis* and the duties of the one in control of the property as to him have been clearly defined (*Beedenbender* v. *Midtown Props.*, 4 A D 2d 276, 281). If the officer utilizes those parts of the premises accessible to persons usually entering upon them, the owner or the person in control is obligated to use the same care in regard to the maintenance of those parts as he is in regard to invitees (*Meiers* v. *Koch Brewery*, 180 App. Div. 450). As to other portions of the premises, there is no liability for faulty maintenance or construction but, if the person in control is aware of the presence of the officer and of the dangerous condition and has reason to believe that the officer is not aware of the condition, it then becomes his duty to warn the officer (*Jenkins* v. *313–321 W. 37th St. Corp.*, 284 N. Y. 397; *Schwab* v. *Rubel Corp.*, 286 N. Y. 525).

The accident took place on a Sunday and there is not the slightest indication that the railroad had anyone present at the pier. It would follow that no one from the railroad could have been aware of the officer's presence in order to give him warning. So defendant's liability would depend on whether there was any duty to maintain the particular place where the alleged hole was located. In addition to the confusion above noted as to where this was, the record is absolutely barren of any testimony as to what use this portion of the premises was put, and whether it was a place in use for any purpose and, if so, one to which persons coming on the premises had access or occa-

sion to pass over to reach a place open to them. No proof on this question was offered by any party.

The order setting aside the verdict, and directing a new trial should be affirmed, without costs.

CAPOZZOLI, McGIVERN, RABIN and McNALLY, JJ., concur.

Order entered on April 7, 1966 unanimously affirmed, without costs or disbursements.