### BRIDGER *v.* GRESHAM.

FISH, J. Where the evidence submitted in behalf of the plaintiff was to the effect that he went to the office of the defendant's hotel, at night, to offer berries for sale, and a guest informed him that the proprietor was out, but that his boy, who might buy the berries, was in the dining-room or kitchen ; that, relying upon his knowledge of the premises, plaintiff undertook to go in search of the boy, and opened and went out of a door leading from the office, which was lighted, on to a back veranda where there was no light, closing the door as he passed out, and while walking along the veranda in the darkness fell down a stairway and was injured : *Held,* that, irrespectively of the question as to whether or not the defendant, relatively to the plaintiff, was bound to use ordinary care in keeping his premises safe, the granting of a nonsuit was proper, it being manifest that the plaintiff, by the exercise of ordinary care, could have avoided the injury.

*Judgment affirmed. All the Justices concurring.*

Argued March 14,—Decided April 6, 1900.

Action for damages. Before Judge Estes. Habersham superior court. March term, 1899.

*Pike & Ayers,* for plaintiff.
*J. J. Bowden* and *B. H. Hill,* for defendant.

---

### WYATT *v.* SOUTHERN BUILDING AND LOAN ASSOCIATION.

LITTLE, J. The petition set forth a cause of action, and was, therefore, good against a general demurrer; and the points made in the several special grounds of the demurrer were properly held to be without merit.

*Judgment affirmed. All the Justices concurring.*

Argued March 16,—Decided April 6, 1900.

Complaint for land. Before Judge Henry. Floyd superior court. December 21, 1898.

*Henry Walker,* for plaintiff in error.
*Wright & Ewing* and *Dean & Dean,* contra.