17391.   GEORGIA RAILROAD & BANKING COMPANY *et al. v.*

KONKLE.

STEPHENS, J. 1. Where a railroad company, by the emission of sparks from one of its engines, negligently sets fire to a building near its tracks in a city, and where a city fireman, whose duty it is to extinguish fires in the city, enters the building, and, while he is attempting to reach the fire with a hose-line and water for the purpose of extinguishing the fire, in the discharge of his duty, the floor upon which he is standing, as a result of an obscure and unobserved defect in its condition which renders it insecure and unsafe for a person to go upon, which defect is unknown to him, collapses and falls in with him and he receives injuries from which he dies, the falling in of the floor by reason of the defective condition alleged is an independent and intervening agency which the railroad company, while negligently setting out the fire, could not have reasonably anticipated and foreseen, and the defective condition of the floor, and not the emission of sparks from the

Negligence, 29 Cyc. p. 499, n. 92; p. 501, n. 13.
Railroads, 33 Cyc. p. 1347, n. 68; p. 1351, n. 91.

engine, is to be regarded as the proximate cause of the injury. *Southern Ry. Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109).

2. When the foregoing facts appeared from the petition in a suit by the widow of the fireman against the railroad company, to recover damages for the homicide of her husband, the petition failed to set out a cause of action, and it was error to overrule the general demurrer thereto.

3. The ruling here made is distinguishable from that in *Wilson* v. *Central of Georgia Ry. Co.*, 132 *Ga.* 215 (63 S. E. 1121), where it was held that where a railroad negligently sets out fire which endangers the property of another, and he is injured by reason of burns received while fighting the fire in an effort to protect his property from it, the negligent setting out of the fire may be regarded as the proximate cause of the plaintiff's injury. In the instant case the deceased was not killed by the fire set out by the defendant, but was killed by the falling in of the floor of the building.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED MARCH 5, 1927.

Damages; from Fulton superior court — Judge Humphries. March 3, 1926.

Application for certiorari was made to the Supreme Court.

*McDaniel & Neely, Rembert Marshall,* for plaintiffs in error.

*Hill & Adams,* contra.