### 29031. BOWERS *v.* THE TEXAS COMPANY.

DECIDED SEPTEMBER 30, 1941.

*Nall & Evans, Rupert L. Murphy,* for plaintiff.

*T. J. Long,* for defendant.

BROYLES, C. J. Mrs. Ella Mae Bowers brought a joint and several action against the Texas Company and Eugene Futch to recover damages for the homicide of her seven-year-old son. Futch was not served with the suit and never waived service in any way. The court sustained the Texas Company's general demurrer to the petition, and the only exception is to that judgment.

For the purpose of passing on the question at issue the following abbreviated statement of the substance of the petition is deemed sufficient: The plaintiff's son, Edward Lee Bowers, "was killed on March 23, 1940, on the premises of the defendants," and she sues for $50,000, the full value of his life. The Texas Company leased certain land in Statesborough, Bulloch County, Georgia, and had a filling-station thereon from which it sold gasoline and oil. On February 7, 1940, said company made a conditional lease of said property to the defendant Futch and "turned over possession of the said premises" to him. On said leased property immediately behind the filling-station was "a vacant space," and adjacent to this vacant space, and separated from it only by a fence, was the lot on which was located the home of the deceased child. On said vacant space an automobile tire and rim "had been placed against the back end of the drain rack." Said tire was "size 44 x 10, and the rim was made of iron and approximately eleven inches wide and three inches deep" and together weighed about three hundred pounds. "Said tire was not braced or supported, but was balanced against the curb at the back end of the drain rack in a trench approximately five inches deep, leaving forty-two inches of the tire above the curb." Said tire was on said vacant space in the position described on February 7, 1940, and for several months before that date, and on March 23, 1940, and both of the defendants knew that it was there "as herein described." Paragraph 10 of the petition "charges the said defendants with gross negligence in keeping and maintaining the said tire and rim in the place where it was located

and further alleges that the said tire and rim constituted a mantrap as it was maintained." Paragraph 13 alleges that "in said vacant space . . petitioner's infant son and other children were allowed to play, and both of said defendants knew that children did play on said vacant property, [and] yet they continued to maintain the said mantrap on the said vacant premises." Paragraph 14 alleges that "on the 23d day of March, 1940, her [petitioner's] infant son and another child were playing in the said vacant premises, and her son accidentally touched the said tire and rim, and the said tire and rim . . fell upon her said son and struck him in the head killing him instantly." Paragraph 15 specifies the defendants' acts of negligence as follows: "(a) In maintaining a mantrap on the premises when they knew that children played on said premises. (b) In maintaining the said mantrap without having the same securely fastened. (c) In failing to warn petitioner's son that the said mantrap was dangerous. (d) In maintaining the mantrap that killed petitioner's son." The petition alleges that "the terms and conditions of the said lease between the Texas Company and Eugene Futch are not known to petitioner but are well known to both the Texas Company and Eugene Futch."

Counsel for plaintiff in error contend in their brief that the plaintiff's child was a licensee; and we are well satisfied that under the facts pleaded in the petition he occupied no more favorable status than that of a licensee. An owner of premises "owes to a licensee no duty as to the condition of the premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm; while to one invited he is under obligation for reasonable security for the purposes of the invitation." *Atlantic Coast Line R. Co.* v. *O'Neal,* 180 *Ga.* 153, 156 (178 S. E. 451) ; *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (118 S. E. 694) ; *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607, 611 (58 S. E. 1060).

Applying this well-established rule to the present petition in the light of the decisions cited, we do not think the allegations that the tire and rim constituted a mantrap are supported by the facts set forth in the petition. The petition contains no allegations that the tire and rim were brightly colored, or were in any other way calculated to attract the attention of children or to induce them to play with them. On the contrary, the petition does not allege that

the plaintiff's son was playing with said articles, but does say that he "accidentally" touched them, thereby causing them to fall upon and kill him. As said in 1 Thompson on Negligence, § 946: "As a general rule, the owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers, intruders, idlers, bare licensees, or others who come upon them, not by any invitation, express or implied, but for their own purposes, their pleasure, or to gratify their curiosity, however innocent or laudable their purpose may be." See to the same effect *Jones* v. *Candler*, 22 *Ga. App.* 717 (97 S. E. 112) ; *Rawlins* v. *Pickren*, 45 *Ga. App.* 261 (164 S. E. 223). The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*