37283. BAXLEY *v.* WILLIAMS CONSTRUCTION
COMPANY *et al.*

D<small>ECIDED</small> O<small>CTOBER</small> 23, 1958—R<small>EHEARING</small> <small>DENIED</small>
N<small>OVEMBER</small> 19, 1958.

668

*Vincent P. McCauley,* for plaintiff in error.

*Swift, Pease, Davidson & Chapman, H. B. Pease, Foley, Chappell, Kelly & Champion, S. E. Kelly, Jr.,* contra.

FELTON, Chief Judge. The court did not err in sustaining the general demurrers of each of the defendants.

1. The plaintiff occupied the status of a licensee. *Todd v. Armour & Co.,* 44 *Ga. App.* 609 (162 S. E. 394). We are requested to overrule this case as being outmoded and the enunciation of an inhumane rule. We think the *Todd* decision is right. The rule is not based on the idea that a fireman is an inferior person who is not entitled to the same protection as other citizens invited upon premises by owners or others having control thereof. The rule is based on sound public policy. In the first place the right of a fireman to go upon premises to extinguish a fire is based on the permission of the law and not an invitation of the owner or occupier even if the owner or occupier turns in the alarm. Such a permission is one which the occupier or owner may not deny. The basic reason for the rule is that it is impossible to forecast the precise place where or time when the fireman's duties may call him, and to require an owner or occupier of premises to exercise at all times the high degree of care owed to an invitee in order to guard against so remote and unpredictable an injury would be an intolerable burden which it is not in the best interest of society to impose. Anderson *v.* Cinnamon, 365 Missouri 304 (282 S. W. 2d 445, 55 A.L.R. 2d 516). See 13 A.L.R. 638; 141 A.L.R. 580; Prosser on Torts, p. 629; 38 Am. Jur. 785, § 125. The factual situation in the case of *Cooper v. Anderson,* 96 *Ga. App.* 800 (101 S. E. 2d 770) and 214 *Ga.* 164 (104 S. E. 2d 90) is in no way analagous to that in this case.

2. There was no duty on the defendants to keep the premises up to any given standard of safety except that they must not contain pitfalls, mantraps and things of that kind. *Georgia Power Co.* v. *Deese,* 78 *Ga. App.* 704, 709 (51 S. E. 2d 724); *Central of Georgia Ry. Co.* v. *Ledbetter,* 46 *Ga. App.* 500, 504 (168 S. E. 81); *Atlantic Coast Line R. Co.* v. *O'Neal,* 180 *Ga.* 153, 155 (178 S. E. 451); *McCall* v. *McCallie,* 48 *Ga. App.* 99 (9) (171 S. E. 843); *Cook* v. *Southern Ry. Co.,* 53 *Ga..App.* 723,

726 (187 S. E. 274); *Cobb* v. *First Nat. Bank of Atlanta*, 58 *Ga. App.* 160, 164 (198 S. E. 111); *Bowers* v. *Texas Co.*, 65 *Ga. App.* 874 (16 S. E. 2d 765); *Leach* v. *Inman*, 63 *Ga. App.* 790 (1) (12 S. E. 2d 103); *Greenfield* v. *Watson*, 54 *Ga. App.* 9 (187 S. E. 183). No mantrap or concealed peril is alleged except by unfounded conclusion. There were no roads, streets, avenues, sidewalks or trails in the vicinity of the alleged excavation. The opening in the manhole was not alleged to have been concealed by the concrete blocks, ripped boards and other building debris lying about it. The petition shows that the excavation and manhole was concealed from sight solely by the darkness of the night. This is not wanton conduct nor a mantrap. *Todd* v. *Armour & Co.*, 44 *Ga. App.* 609, supra; Reardon *v.* Thompson, 149 Mass. 267 (21 N. E. 369); 38 Am. Jur. 768, § 105, n. 15; Sherman *v.* Maine C. R. Co., 110 Me. 228 (85 Atl. 755, 43 L.R.A. (NS) 1134); Fox *v.* Warner-Quinlan Asphalt Co., 204 N. Y. 240 (97 N. E. 497, 38 L.R.A. (NS) 395 (2)). In addition the defendants would not be liable for anything but affirmative acts amounting to wilfulness. *Leach* v. *Inman*, 63 *Ga. App.* 790 (2, 4), supra; *Atlantic Coast Line R. Co.* v. *O'Neal*, 180 *Ga.* 153, supra; 49 A.L.R. 795; 156 A.L.R. 1236; *Atlantic Steel Co.* v. *Cleaton*, 52 *Ga. App.* 502, 506 (183 S. E. 827).

3. The Williams and Moss companies had a right to act as they did on the premises. There was a multiple building project, unfinished, in process of construction. Sewer ditches were dug from building to building, obvious and generally known to exist. No duty was owed to the public who were not invited upon the premises. It was not normally to be anticipated that any warnings or safeguards as to the ditches and unfinished construction would be required to protect anyone at night. There was no negligence alleged as to Williams and Moss Construction Companies in so far as the manhole excavation is concerned.

4. If Williams was negligent in not preventing the second fire which was the occasion for plaintiff's presence on the premises at the time he was injured such negligence was not the proximate cause of the injuries even if leaving the excavation was negligence. It was held in *Georgia R. & Bkg. Co.* v. *Konkle*, 36 *Ga. App.* 569 (137 S. E. 113) that the negligence of the rail-

road in causing a fire was not the proximate cause of a fireman's death due to a defective condition of the floor of the burning building. The same reasoning applies to the negligence charged to the Fred Carpenter Plumbing Company. The digging and leaving the excavation unguarded was not negligence or wantonness. Moss Construction Company is not charged with any other negligence. Since it is not charged with actionable misconduct the demurrer as to it was properly sustained.

5. The petition alleged that there were alternate patches of light and shadow surrounding the burning building and that the plaintiff had been looking toward the fire and flame in building Number 98 and that his nighttime vision had been affected thereby in such a manner that he could not distinguish between the earth and an opening therein in the shadows. *Bridger* v. *Gresham,* 111 *Ga.* 814 (35 S. E. 677); *Mattox* v. *Atlanta Enterprises,* 91 *Ga. App.* 847 (87 S. E. 2d 432). It follows that the plaintiff's injuries were due to accident or his own negligence.

Moss Construction Company was not shown by the allegations of the petition to be negligent as to the plaintiff. The petition stated no cause of action against it. There was no negligence or wanton misconduct alleged against Williams Construction Company or Fred Carpenter Plumbing Company which was the proximate cause of plaintiff's injuries. The court correctly sustained the defendants' demurrers.

*Judgments affirmed. Nichols, J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially. Though the majority opinion follows the earlier case of *Todd* v. *Armour & Co.,* 44 *Ga. App.* 609 (162 S. E. 394) and the view that a fireman is a licensee when he enters upon the owner's premises to extinguish a fire is also supported by the weight of foreign authority, I cannot agree that under Georgia law that it is correct.

In the case of *Anderson* v. *Cooper,* 214 *Ga.* 164, 167 (104 S. E. 2d 90) the Supreme Court held: "Therefore, since it is agreed that we are dealing with a plain and unambiguous statute, it is not necessary to search for any intention the legislature might have had in adopting it. It is only necessary to follow the words of the Code section. The applicants contend

that it is clear that the injured child in this case is neither a 'customer nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises', and that, therefore, he is a licensee under Code § 105-402. This argument completely overlooks the last half of the definition of a licensee, which is just as much a part of the definition as the first half, and the portion to which the courts have attached the greater significance. Even if it is admitted, for the purpose of discussion, that the child in question was in none of those classes listed in the above Code section, he is also not one who is 'permitted expressly or impliedly to go thereon merely for his own interest, convenience, or gratification.' Obviously this can not be ignored, and just as obviously, when it is considered, the injured child in this case is not included in the definition because the child did not go on the premises in question merely for his own 'interest, convenience, or gratification.' He did go on the premises for the benefit of the occupant and his father. It must be remembered that the section in question does not attempt to define an invitee, but simply says that one who fits the description contained therein, is a licensee—and he must fit the entire description. Otherwise, he is something other than a licensee, and the court must look elsewhere to determine the status of such a person."

However, in deciding what constitutes ordinary care consideration must be given to the lawful use to which the premises are put and their normal condition at the time in question. Where an apartment house is being constructed it is necessary and usual during the progress of the construction that excavations be made to accommodate water mains, sewer lines, gas lines and for other purposes. That there be such excavations during the course of the building process or that they remain open is not unusual or negligent.

Applying the rule stated I am of the opinion that the petition does not show negligence on the part of the defendant.