**Otto BROWN, Plaintiff,**

v.

**GENERAL ELECTRIC CORPORATION, Defendant.**

**Brenda BROWN, Plaintiff,**

v.

**GENERAL ELECTRIC CORPORATION, Defendant.**

**Civ.A. Nos. 86–5–COL, 86–119–COL.**

United States District Court,
M.D. Georgia,
Columbus Division.

Dec. 3, 1986.

Fife M. Whiteside, Columbus, Ga., for plaintiffs.

Ben Kingree of Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendant.

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ELLIOTT, District Judge.

In Civil Action No. 86–5 above identified the Plaintiff, Otto Brown, a fireman, alleges that a defective coffee maker manufactured by the Defendant, General Electric, was the initiating cause of a residential fire and that he was injured while fighting the fire, and he seeks to recover damages from the Defendant based on theories of negligence and product liability. In Civil Action No. 86–119 Brenda Brown, the wife of Otto Brown, has brought a separate lawsuit against General Electric for loss of consortium. Both cases are now before the Court on the Defendant's motion for summary judgment.

There is no controversy concerning the material facts. Otto Brown is a part-time fireman in Richland, Georgia, and on July 13, 1984, in the discharge of his duties of employment as a fireman, he responded to a fire at the home of Donald G. Castleberry, and in the course of fighting the fire he was injured when he jumped off of the roof of the burning building after an explosion occurred. He alleges that the fire at the Castleberry home was caused by a coffee maker manufactured by the Defendant. The coffee maker was an item of personal property which was being used by the Castleberrys. Brown did not buy the coffee maker, had never used it, and had never seen it prior to the fire. He had been a member of the Richland Fire Department for 14 or 15 years and had had previous experience fighting other fires of the same size as the Castleberry fire and he knew that explosions in fires are not unusual or extraordinary events. He received statutory worker's compensation benefits following his injuries.

The Defendant contends that the Plaintiff Brown assumed the risk of injury as a matter of law, citing the Fireman's Rule which precludes a fireman from bringing an action against the one whose negligence allegedly caused the fire if the injuries sustained were a result of known risks associated with fighting fires.

This being a diversity case the Court must apply Georgia law, and in attempting to do so it is noted that the Supreme Court of Georgia has not been asked to adopt the Fireman's Rule *per se* and has not yet expressly addressed the rule. The Defendant suggests, however, that the existing case law in Georgia indicates that, once confronted with the issue, the Georgia Supreme Court would adopt the Fireman's Rule because the doctrine of assumption of the risk is viable in Georgia. A review of the trend nationwide and of the existing law in Georgia on assumption of the risk seems to support the Defendant's contention.

Virtually all of the jurisdictions which have addressed the issue have adopted the Fireman's Rule and have held that the rule precludes a fireman injured while fighting a fire from bringing an action against the party whose negligence allegedly caused the fire. In fact, the Maryland Court of Appeals has held that:

> "Other jurisdictions are almost unanimous in denying recovery by an injured fireman from one whose sole connection with the injury is that his negligence caused the fire."

*Flowers v. Sting Security, Inc., et al*, 488 A.2d 523, 532, 62 Md.App. 116 (1985). To the same effect are *Armstrong v. Mailand*, 284 N.W.2d 343 (Minn.Sup.Ct.1979); *Lipson v. Superior Court of Orange Co.*, 31 Cal.3d 362, 182 Cal.Rptr. 629, 644 P.2d 822 (1982); *Mahoney v. Carus Chemical Co.*, 510 A.2d 4, 102 N.J. 564 (1985); *Aravanis v. Eisenberg*, 237 Md. 242, 206 A.2d 148 (1965); *Grable v. Varela*, 115 Ariz. 222, 564 P.2d 911 (1977); *Walters v. Sloan*, 20 Cal.3d 199, 142 Cal.Rptr. 152, 571 P.2d 609 (1977); *Fletcher v. Illinois Central & Gulf Railroad Co.*, 679 S.W.2d 240 (Ky.Ct.App.1984) [policeman instead of fireman]; *Buchanan v. Prickett & Son, Inc.*, 279 N.W.2d 855 (203 Neb. 684, 1979); *Steelman v. Lind*, 634 P.2d 666 (97 Nev. 425, 1981) [highway patrolman]; and *Ferraro v. Demetrakis*, 400 A.2d 1227, 167 N.J.Super. 429 (1979).

The doctrine of assumption of the risk is so well recognized in Georgia where recov-

ery is sought on a negligence theory that the Court does not deem it necessary to cite specific cases in which the principle has been applied. Typically, however, is *Owens-Illinois, Inc. v. Bryson*, 138 Ga.App. 78 (1976), that being a negligence action brought against the operator of a chemical plant by a contractor employee who developed leukemia as a result of being exposed to chemicals while working on the replacement of waste lines, it being decided that he was barred from recovery because he assumed the risk of working around such chemicals.

The Court is not unaware that questions of assumption of risk are usually questions which must be resolved by a jury, but when the evidence is plain and undisputed the trial court can determine as a matter of law that certain facts do or do not constitute negligence.

In Georgia the doctrine of assumption of the risk is also a defense to strict liability actions. See *Parzini v. Center Chemical Company*, 136 Ga.App. 396 (1975) and *Deere & Company v. Brooks*, 250 Ga. 517 (1983).

In this case the injury suffered by the Plaintiff Brown after jumping off a burning building is one of the precise risks a fireman knows he will confront when fighting fires, and in the Court's view he unquestionably assumed the risk of being forced to jump off the roof of the house if the dangers of staying on the roof outweighed the dangers of jumping off. In fact the Plaintiff's own testimony by deposition makes this clear. He was an experienced fireman, having been on the Richland Fire Department approximately 15 years, he had previously fought fires of this magnitude, and he knew that explosions during a fire are not unusual events, so the fact that he jumped off the roof was a risk he knew was associated with fire fighting, and when he in the discharge of his duties as a fireman went to fight the fire at the Castleberry home he assumed all the inherent risks.

Consistent with the foregoing, the Court concludes that the Fireman's Rule should apply in this case to bar the Plaintiff from bringing an action against the manufacturer of a product which may have caused the fire, this Court anticipating that the Georgia Supreme Court would follow the majority of jurisdictions in applying the Fireman's Rule in such cases.[1]

Any action by Brown based on negligence or strict liability is barred by the Fireman's Rule.

---

1. In the Plaintiff's brief it is contended that the Georgia Court of Appeals has already considered and rejected the Fireman's Rule citing the case of *Walker Hauling Company, Inc. v. Johnson*, 110 Ga.App. 620 (1964). The Plaintiff's reliance on the decision in that case appears to be misplaced. Nowhere in that decision is the Fireman's Rule referred to or discussed, and it is apparent that there was no reason why it should have been discussed because the court did not consider the plaintiff in that case to be a "fireman." In the first paragraph of the opinion the court states:

"The allegation that the plaintiff was a 'skilled firefighter' is not reasonably susceptible to the construction that he was a 'fireman,' volunteer or otherwise.... Proof that one is a skilled firefighter would not alone authorize a finding that he was a fireman."

The facts in that case appear to be that the plaintiff who lived in Meriwether County heard that there was a fire burning out of control in Taylor County, which is a county nearby, and he decided to go to Taylor County and assist in fighting the fire, and he received injuries while doing so. He was not ordered to do this, he was not employed to do this, and he was under no duty to fight the fire. It was simply something that he did over and above the call of any duty. He was a volunteer in the strictest sense of the word, and what the court decided was that his complaint set out a cause of action based on the "rescue" doctrine.

Clearly, Otto Brown in this case was not a "rescuer" in the sense in which that term is employed in *Walker Hauling Co., Inc.* because Brown was a paid fireman, employed by the Richland Fire Department, and he was under a duty to fight the fire at the Castleberry home by virtue of his employment, and the risks he encountered at the Castleberry home were risks that he had engaged to encounter by virtue of his employment—he was a fireman.

The rescue doctrine which allowed the plaintiff to proceed in one instance would not allow Brown to proceed in this case. The rescue doctrine has been specifically rejected by other courts which have adopted the Fireman's Rule. In *Buchanan v. Prickett & Son, Inc.*, 279 N.W.2d 855 (S.Ct.Neb.1979) the plaintiff was a volunteer fireman who responded to a call to the scene of a collision between two motor vehicles, one of

■ Even if it should be ultimately determined that the Fireman's Rule does not apply in Georgia, the Defendant's motion for summary judgment in this case must still be granted for another reason, that being that any defect in the Defendant's coffee maker could not be considered as the proximate cause of the Plaintiff's injuries, the Georgia cases having held that a fireman cannot recover from one whose negligence caused the fire because that entity's negligence was not the proximate cause of the fireman's injuries. See *Georgia Railroad & Banking Company v. Konkle*, 36 Ga.App. 569 (1926) and *Baxley v. Williams Construction Company*, 98 Ga.App. 662 (1958). Even though the Fireman's Rule is not expressly discussed in the Georgia decisions, the Georgia courts have consistently denied the validity of a cause of action against one whose negligence caused the fire, and it is obvious that the courts for some time have leaned upon theories consistent with the principle and philosophy behind the Fireman's Rule. Therefore, under Georgia judicial decisions, any defect in the coffee maker manufactured by General Electric could not be held to be the proximate cause of the injuries sustained by Brown while fighting the fire at the Castleberry home. Any action based on negligence or strict liability is therefore barred even if the Fireman's Rule *per se* does not apply.

With regard to Mrs. Brown's lawsuit, it is well settled that a wife's cause of action for loss of consortium is derivative in nature and no verdict in her favor can be authorized where there is no recovery by her husband. *Hughes v. Newell*, 152 Ga. App. 618 (1979).

For the reasons above stated, the motion of the Defendant General Electric Company for summary judgment is granted in the case of Otto Brown vs. General Electric and in the case of Brenda Brown vs. General Electric.

---

which was a gasoline tanker, and while fighting the fire he was burned. The court was presented with issues identical to the ones in this case, the court stating the issues as follows:

"The primary legal question involved in this case, is whether plaintiff's claimed right of recovery is barred by the operation of the 'Fireman's Rule' or whether the 'rescue doctrine' should apply and the plaintiff be permitted to recover if there be proof that the negligence of all or some of the defendants was the proximate cause of the collision, the fire, and the plaintiff's injuries."

*Buchanan* at 857. Since the Fireman's Rule was adopted by the court, the doctrine of rescue was not controlling, the court holding:

"The underlying basis of the Fireman's Rule is that the ordinary risks which a fireman encounters in the performance of his duty in fighting fires and protecting life and property are those which he has assumed a duty to perform and to which he has assumed the risk in a *"primary"* sense; that is, the risk is *one which the fireman has engaged to encounter by virtue of his employment and one which it is his duty to perform and thus the person who negligently caused the fire has not breached a duty owed the fireman.* ... The rescue doctrine contemplates a voluntary act by one who, in an emergency and prompted by spontaneous human motives to save human life, attempts a rescue which he had no duty to attempt by virtue of a legal obligation or duty fastened on him by his employment."

*Buchanan* at 856 and 857 (emphasis supplied). The court concluded that the Fireman's Rule and not the rescue doctrine applied under the facts of that case and approved the entry of summary judgment for the defendant.