JAMES L. FURCH et al., Respondents, v GENERAL ELECTRIC COMPANY et al., Defendants, and BEC ELECTRIC COMPANY, INC., Appellant. (And Six Other Related Actions.)

Third Department, November 10, 1988

## APPEARANCES OF COUNSEL

*O'Connor, Gacioch & Pope (Kelly E. Fischer* of counsel), for appellant.

*Ball, McDonough & Johnson, P. C. (Kevin F. McDonough* of counsel), for respondents.

*Harter, Secrest & Emery (Edward F. Premo, II,* of counsel), for St. John Associates, defendant.

*Lombardi, Reinhard, Walsh & Harrison, P. C.,* for New York State Professional Firefighters Association, Inc., *amicus curiae.*

## OPINION OF THE COURT

CASEY, J.

The seven actions involved in this appeal arose out of a fire that occurred in the State Office Building in the City of Binghamton, Broome County, on February 5, 1981. The fire is alleged to have been caused by a malfunction of electrical equipment in a mechanical room located in the basement of the building. As a result of the fire, large quantities of toxic substances, including polychlorinated biphenyls contained in transformer coolant oil, were allegedly released and vented throughout the building. Plaintiffs in the first six actions include members of the Binghamton Fire Department and other workers who extinguished the fire and/or participated in clean-up operations, who claim personal injuries due to exposure to the toxic substances. Plaintiff in the seventh action is the New York Telephone Company, which alleges that its equipment was damaged. Defendants include the architect, engineer and various contractors involved in the construction of the office building during the early 1970's. Defendant BEC Electric Company, Inc. (hereinafter BEC), the prime electrical contractor on the project, appeals from an order denying its motion to dismiss all causes of action against it, based upon the failure to state a cause of action or, in the alternative, for summary judgment.

As to the negligence causes of action asserted against it by the various firefighters in the first six actions, BEC contends that the common-law "fireman's rule" bars those causes of action. The Court of Appeals recently explained:

"It is a long-standing common-law rule that firefighters injured while extinguishing fires generally cannot recover against the property owners or occupants whose negligence in maintaining the premises occasioned the fires * * *.

"The initial rationale for the common-law rule—known as the 'fireman's rule'—was that firefighters entering upon premises were no more than licensees, and therefore took the property as they found it * * *. Later cases have rejected the premises-based rationale and instead cast the general denial of liability in terms of assumption of risk: persons who choose to become firefighters assume the risks of fire-related injuries, including the risk of negligence of property owners and occupants in maintaining their premises * * *. The 'fireman's rule' has also been grounded on public policy: municipalities employ firefighters precisely because special skills and expertise are required to confront certain hazards—usually of an emergency nature—that expose the public to danger, these hazards often arise from negligence, and as a matter of public policy firefighters trained and compensated to confront such dangers must be precluded from recovering damages for the very situations that create a need for their services" *(Santangelo v State of New York,* 71 NY2d 393, 396-397).

The firefighters argue that the common-law "fireman's rule" is inapplicable since BEC was not an owner or occupant of the office building at the time of the fire. While there is language in the *Santangelo* decision to support this argument *(supra),* the holding in *Santangelo* casts considerable doubt on such a limitation. The court's discussion of the "fireman's rule" was a preamble to recognition that the rule extends to police officers and bars recovery against a defendant who neither owned nor occupied the premises where the police officers were injured, but whose negligence allegedly created the occasion for their services *(supra,* at 397-398). Limiting the "fireman's rule" to the owners and occupiers of the premises where the injury occurred would, in effect, revive the discredited premises-based rationale for the rule. Rather, looking to the risk-based rationale and the more important policy considerations upon which the rule is grounded, we conclude that the "fireman's rule" is applicable to any person whose negligence creates the occasion

for the firefighter's services and thereby exposes him to the hazards normally associated with the performance of firemanic duties *(see, McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 190, *affd on opn below* 20 NY2d 921).

■ Application of this general principle to the case at bar establishes that, irrespective of whether BEC was an owner or occupier of the premises, the "fireman's rule" is inapplicable to the negligence causes of action. The theory of recovery is not limited to a claim that BEC's negligence caused the fire in the office building. Plaintiffs also claim that BEC's negligence in installing the electrical system permitted the release and venting of toxic substances during the fire, and that BEC failed to provide adequate warning that the equipment it installed contained toxic substances that could be released and spread throughout the building in the event of a fire. This negligence is sufficiently separate and apart from the negligence which occasioned the emergency for which plaintiffs were summoned to bar application of the "fireman's rule" *(see, Dawes v Ballard,* 133 AD2d 662, 664).

Experience tells us that the risk of exposure to toxic substances is an unfortunate consequence of modern technology, one that is becoming all too common. Nonetheless, neither the risk-based rationale for the "fireman's rule" nor the policy considerations upon which it is based supports an application of the rule which would absolve a party from liability for negligently exposing firefighters and other emergency personnel to toxic substances where, as here, the alleged negligence is independent of that which created the need for their services and the emergency personnel have no reason to believe that exposure to toxic substances is a risk inherent in the emergency. To be contrasted is the situation where the emergency itself patently involves the risk of exposure to toxic substances *(see, Calvert v Garvey Elevators,* 236 Kan 570, 694 P2d 433, *and Rowland v Shell Oil Co.,* 179 Cal App 3d 399, 224 Cal Rptr 547 [where the rule was applied to bar actions on behalf of firefighters responding to chemical leaks and spills]; *but see, Philip Morris, Inc. v Emerson,* 235 Va 380, 368 SE2d 268 [where the rule was held inapplicable to actions by rescue squad personnel called to the scene of an accident involving a chemical spill]). But even where the emergency is such that the firefighters are or should be aware of the risk, there may be liability for independent negligence which enhances the risk *(see, Lipson v Superior Ct.,* 31 Cal 3d 362, 182 Cal Rptr 629, 644 P2d 822 [where the defendant misrepre-

sented the nature of the hazard to firefighters responding to a chemical boilover at the defendant's plant]). For all of the reasons above, Supreme Court properly denied BEC's motion to dismiss the negligence causes of action.

Turning to the causes of action asserted by the firefighters based upon General Municipal Law § 205-a, we conclude that Supreme Court erred in denying BEC's motion seeking dismissal. The statute creates a cause of action in favor of firefighters injured as a result of the failure to comply with the requirements of some statute, ordinance or rule pertaining to the maintenance and safety of the premises. BEC contends that the liability imposed by General Municipal Law § 205-a is limited to property owners or those in control of the premises. Both the First and Second Departments have construed the statute as inapplicable to persons who are neither owners nor in control of the property involved in the firefighting operation (*Citowitz v City of New York,* 77 AD2d 642; *Gerhart v City of New York,* 56 AD2d 790, *lv denied* 42 NY2d 810), and there is dictum in the recent case of *Kenavan v City of New York* (70 NY2d 558, 566) which supports this interpretation. The statute, on the other hand, clearly and unambiguously refers to "any person or persons", without any limitation based upon ownership or control (General Municipal Law § 205-a); since the statute was enacted to ameliorate the harsh result of the common-law "fireman's rule" (*Kenavan v City of New York, supra,* at 566), a construction of the statute which fashions such a premises-oriented limitation appears to be inconsistent with our conclusion that the "fireman's rule" contains no such limitation.*

We see no need to resolve the issue, however, since the statute contains an express limitation which precludes imposition of liability on BEC. Pursuant to the statute, liability for injuries to a firefighter caused by neglect, omission, or willful or culpable negligence in failing to comply with the requirements of certain statutes, ordinances or rules is imposed only upon "the person or persons guilty of said neglect, omission,

---

* It is also noteworthy that reading such a limitation into the statute can lead to inequities. For example, where a property owner's failure to comply with safety code requirements causes a fire which spreads to adjacent property owned by another, a firefighter injured fighting the fire on the premises where the fire started would have a statutory cause of action, while a firefighter injured fighting the same fire on the adjacent premises, not owned or controlled by the person guilty of the code violation, would have no such cause of action.

willful or culpable negligence *at the time of such injury"* (General Municipal Law § 205-a [emphasis supplied]). The complaints and the motion papers in the record allege that BEC failed to comply with certain code requirements during the course of its participation in the construction of the building. Since this construction was completed some eight years before the firefighters were injured, it is clear that BEC was not "guilty of said neglect, omission, willful or culpable negligence at the time of such injury", as required by General Municipal Law § 205-a. Accordingly, said firefighters' statutory causes of action should be dismissed.

■ Next, we agree with BEC that it is entitled to summary judgment dismissing the causes of action which seek recovery on the basis of strict products liability. In *Perazone v Sears, Roebuck & Co.* (128 AD2d 15, 20-21), this court explained: "A strict products liability cause of action * * * ha[s] been extended to retailers for policy reasons * * * [but] [t]he same policy considerations do not attend where the sale is by a party who is not engaged in the sale of the product in issue as a regular part of its business. Thus, while the focus of a breach of warranty cause of action is on the transaction between the seller and the particular buyer, a strict products liability action against a seller focuses on the nature of the seller's business and its relationship with the manufacturer." In *Perazone,* the relevant transaction was primarily service oriented, but the seller's regular business was not limited to service-oriented transactions, for it regularly sold at retail a variety of products, including lawnmower parts similar to the allegedly defective part at issue therein. In contrast, BEC's business was that of an electrical contractor and there is nothing in the record to suggest that BEC sold electrical equipment outside the scope of what we find to be a primarily service-oriented business. In short, there is no evidence that the nature of BEC's business or its relationship with the manufacturer is such that the policy considerations underlying the imposition of strict products liability on sellers are applicable to BEC *(see, Sukljian v Ross & Son Co.,* 69 NY2d 89, 95-96).

■ BEC also contends that the nuisance causes of action, which Supreme Court found to be sufficient to state a cognizable claim for damages based on public nuisance, should have been dismissed. We agree. The dangerous condition allegedly created by BEC's negligence did not, in our view, constitute a public nuisance *(see, Copart Indus. v Consolidated Edison Co.,*

41 NY2d 564, 568). In particular, we note that only those firefighters and other trained personnel who entered the building to fight the fire or engage in clean-up operations were affected. There are no allegations that BEC's conduct resulted in the release of toxic substances or other injury outside of the office building which affected the public-at-large. The nuisance causes of action should, therefore, be dismissed.

■ Finally, several of the complaints in these actions include a cause of action seeking to recover damages from BEC for "willful, malicious and culpable negligence". We find the allegations patently insufficient to state a cause of action based upon intentional tort and, insofar as the cause of action alleges ordinary negligence, it is redundant. Accordingly, these causes of action should be dismissed.

In conclusion, Supreme Court's order should be modified to provide for dismissal of the various causes of action seeking recovery from BEC on the basis of General Municipal Law § 205-a, strict products liability, nuisance and "willful, malicious and culpable negligence".

MAHONEY, P. J. (concurring). I concur in the result but do not agree with the manner in which the viability of the statutory causes of action under General Municipal Law § 205-a was resolved. The Court of Appeals has recently and clearly stated "that the scope of section 205-a is limited to property owners" (Kenavan v City of New York, 70 NY2d 558, 566). The court went on to summarize the statute as providing a cause of action: "for firefighters who sustain injuries while engaged in extinguishing a fire on premises wherein the owner or other person in control negligently failed to comply with the requirements of some statute, ordinance, or rule respecting the maintenance and safety of such premises" (supra, at 567; see, Santangelo v State of New York, 71 NY2d 393, 396). While acknowledging the potential unfairness inherent in this interpretation as pointed out by the majority, I am constrained to follow the dictate of the Court of Appeals. Consequently, I find no viable causes of action under General Municipal Law § 205-a against BEC because it was not the owner or controller of the property. This approach allows me to avoid the statutory interpretation of section 205-a endorsed by the majority. I note that this interpretation was not addressed by the parties and, as discussed, is not necessary to resolve the underlying issue. Thus, I do not join that part of the decision.

I also cannot join that portion of the decision discussing

whether the firefighter's rule is limited to owners and occupiers of property. We rightly resolve the viability of the negligence causes of action without regard to BEC's status as an owner or occupier. Thus, the discussion of the scope of the firefighter's rule is unnecessary.

Weiss, Mikoll and Harvey, JJ., concur with Casey, J.; Mahoney, P. J., concurs in an opinion.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant BEC Electric Company, Inc.'s motion for summary judgment dismissing the second, fifth and seventh causes of action in actions Nos. 1, 4, 5 and 6, the second and fifth causes of action in action No. 2, the fourth cause of action in action No. 3, and the second cause of action in action No. 7; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.