MARGARET AUSTIN, Individually and as Administratrix of the Estate of MICHAEL AUSTIN, Deceased, Respondent, v CITY OF BUFFALO et al., Appellants. JEAN CATANZARO, Individually and as Administratrix of the Estate of MICHAEL G. CATANZARO, Deceased, Respondent, v CITY OF BUFFALO et al., Appellants. MARY L. COLPOYS, Individually and as Executrix of MATTHEW E. COLPOYS, SR., Deceased, Respondent, v CITY OF BUFFALO et al., Appellants. (Appeal No. 1.)

The Fireman's Rule does not bar recovery when the negligence that caused the injury is separate and apart from the

negligent acts which occasioned the firefighters' presence *(Furch v General Elec. Co.,* 142 AD2d 8, 12; *Dawes v Ballard,* 133 AD2d 662, 664). Thus, in *Furch v General Elec. Co. (supra),* the defendant was not protected by the Fireman's Rule where it installed materials which, during the fire, released toxic substances that injured responding firemen. The Fireman's Rule was inapplicable to that case because the installation of the toxic substance was "sufficiently separate and apart from the negligence which occasioned the emergency for which plaintiffs were summoned" *(Furch v General Elec. Co., supra,* at 12). "To be contrasted is the situation where the emergency itself patently involves the risk of exposure to toxic substances" *(Furch v General Elec. Co., supra,* at 12).

Applying those rules to the facts in this case, we conclude that the Fireman's Rule precludes recovery by the plaintiffs against any of the defendants, except those liable under General Municipal Law § 205-a. The negligence of the defendants in storing the propane tank in the warehouse and in causing it to leak was not separate and apart from the negligence which occasioned the emergency for which plaintiffs were summoned. The propane leak was the very reason why the firefighters were summoned. That fact distinguishes this case from cases where the firefighters were summoned to put out a fire and were unaware of a hidden hazard *(see, e.g., Furch v General Elec. Co., supra; Dawes v Ballard, supra).*

The Fireman's Rule affords protection not only to the owners and occupants of the premises where the injuries occurred but "to any person whose negligence creates the occasion for the firefighter's services and thereby exposes him to the hazards normally associated with the performance of firemanic duties" *(Furch v General Elec. Co., supra,* at 11-12). It is applicable not only to contractors who perform work on the building *(Furch v General Elec. Co., supra),* but also to manufacturers who would otherwise be liable under the principles of products liability. In view of the rationale for the Fireman's Rule, there is no justification for excluding manufacturers from the exemption afforded by the rule *(Mahoney v Carus Chem. Co.,* 102 NJ 564, 510 A2d 4). The particular risk created by the manufacturer is often, as here, one which the firefighter is held to have assumed *(see, Brown v General Elec. Corp.,* 648 F Supp 470; *Armstrong v Mailand,* 284 NW2d 343 [Minn]; *Mahoney v Carus Chem. Co., supra).*

The actions by the firefighters and their estates against the City of Buffalo should have been dismissed. Although a munic-

ipality may be held liable for injuries suffered by a firefighter caused by the negligence of a fellow firefighter, liability cannot be imposed if the firefighters' conduct "involves the exercise of professional judgment such as electing one among many acceptable methods of carrying out tasks, or making tactical decisions that, in retrospect show poor judgment, but judgment nonetheless" *(Kenavan v City of New York, supra,* at 569). We reject plaintiffs' contention that the City was liable for the alleged negligence of the fire dispatcher who reported that a "large" propane tank was leaking when the telephone call to the dispatcher described the tank's size as 100 to 500 gallons. The characterization of the tank as "large", in our opinion, is not negligence, but even if it were, that was no more than an exercise of judgment and not a violation of any "immutable procedures" established by the City *(Kenavan v City of New York, supra,* at 569).

In addition to the application of the Fireman's Rule, there is another reason why summary judgment should have been granted to the defendant Fedders Corporation. Fedders entered into a contract with defendant Chimera Radiator Company whereby Chimera was to manufacture radiators for Fedders. The proof on the motion for summary judgment establishes that Chimera was an independent contractor of Fedders, that Fedders exercised no control over the manufacturing process and that, in any event, the manufacturing process was unrelated to the storage of the tank on the premises. The employer of an independent contractor is not liable for injury caused to a third party by an act or omission by the independent contractor or its employees *(Wright v Esplanade Gardens,* 150 AD2d 197, 198). Mere inspection for quality control does not make Fedders liable for any negligent act of Chimera or its employees. The fact that defendant agreed to pay Chimera $1,000 per month for the storage of the radiators manufactured by Chimera does not establish that Fedders had control of any space at the warehouse. Thus, there is no question of fact concerning Fedders' status as a tenant in control of the premises.

Accordingly, except with respect to defendants George D. Wilson, Jr. (also sued as George D. Wilson, Sr.) individually and doing business as Chimera Radiator Company, and doing business as Chimera Hamburg Radiator Manufacturing Company, and doing business as Hamburg Radiator Sales & Service Company, George Wilson & Son, Inc., Division Enterprises, Inc., Amherst Radiator Co., and LBG Radiator Company, Inc. (the Wilson defendants), the order appealed from is

modified by reversing those parts of the order that denied summary judgment to defendants and by granting their motions for summary judgment. As to the excepted defendants (the Wilson defendants), the order is modified by dismissing all causes of action against them, except the causes of action pursuant to General Municipal Law § 205-a. Factual questions exist whether those defendants violated ordinances, statutes or codes designed for the benefit of firefighters *(see, Kenavan v City of New York,* 70 NY2d 558, 568, *supra).* (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.