■ MARGARET AUSTIN, Individually and as Administratrix of the Estate of MICHAEL AUSTIN, Deceased, Respondent, v CITY OF BUFFALO et al., Defendants, and BURNWELL GAS OF ALDEN, INC., et al., Appellants. CITY OF BUFFALO et al., Respondents, v GEORGE D. WILSON, JR., Individually and Doing Business as AMHERST RADIATOR COMPANY and Others, et al., Appellants. (And 54 Other Actions.) (Appeal No. 5 [2 Motions].)—Motion by Seimax Gas Corporation et al., for clarification and other relief denied; motion by City of Buffalo et al., for clarification and for other relief granted and decision dated January 31, 1992 and remittitur order entered January 31, 1992 [179 AD2d 1079] are amended to provide that the order appealed from is unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The order is modified by granting defendants' motions to the extent of dismissing the causes of action brought by or on behalf of the deceased and injured firefight-

ers, with the exception of the causes of action brought against defendant George D. Wilson, Jr. (also sued as George D. Wilson, Sr.), individually and doing business as Chimera Radiator Company, and doing business as Chimera Hamburg Radiator Manufacturing Company, and doing business as Hamburg Radiator Sales & Service Company, George Wilson & Son, Inc., Division Enterprises, Inc., Amherst Radiator Co., and LBG Radiator Company, Inc. (the Wilson defendants), pursuant to General Municipal Law § 205-a (see, Austin v City of Buffalo [appeal No. 1], 179 AD2d 1075).

The order is further modified by granting defendants' motions to the extent of dismissing the cause of action brought by the City of Buffalo for damages insofar as it seeks recovery for destroyed and damaged fire vehicles and equipment. The damage and destruction to the City of Buffalo's fire vehicles and equipment was a foreseeable risk when the City Fire Department responded to the call for assistance and the rationale underlying the Fireman's Rule is applicable here (see, Black Indus. v Emco Helicopters, 19 Wash App 697, 577 P2d 610). Additionally, the order is modified by dismissing the City's cause of action as against all defendants, except the Wilson defendants, for salary or wages and medical expenses incurred on behalf of the deceased or injured firefighters (see, General Municipal Law § 207-a [7]; City of Utica v Holt, 88 Misc 2d 206, 209-210), and by dismissing the City's cause of action insofar as it relates to the expense incurred in boarding up or demolishing property and removing debris from property other than its own. "[P]ublic expenditures made in the performance of governmental functions are not recoverable" (Koch v Consolidated Edison Co., 62 NY2d 548, 560, rearg denied 63 NY2d 771, cert denied 469 US 1210). Present—Boomer, J. P., Pine, Balio, Lawton and Davis, JJ.