■ JOHN RETZ et al., Respondents, v ALCO EQUIPMENT, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. SURPASS CHEMICAL COMPANY, INC., Third-Party Defendant-Appellant. [686 NYS2d 527] —Crew III, J. Cross appeals from an amended order of the Supreme Court (Malone, Jr., J.), entered October 14, 1998 in Albany County, which partially denied defendant's motion for summary judgment dismissing the complaint and denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

In late April 1994 or early May 1994, third-party defendant, Surpass Chemical Company, Inc., experienced problems with the hydraulic lift on one of its trucks. As a consequence, the truck was sent to defendant for repairs. Thereafter, on May 31, 1994, plaintiff John Retz (hereinafter plaintiff), an employee of Surpass, was using the aforesaid hydraulic lift to unload pallets of five-gallon buckets of chlorine when the lift abruptly dropped approximately two feet, throwing plaintiff and the buckets of chlorine off the lift.

Retz and his spouse, derivatively, commenced this action against defendant setting forth causes of action sounding in, *inter alia,* negligence, breach of warranty of merchantability, strict products liability, breach of warranty of fitness for a particular purpose and failure to warn. Defendant, in turn, commenced a third-party action for indemnification/contribution against Surpass. Following discovery, defendant moved for summary judgment dismissing the complaint in its entirety and Surpass cross-moved for summary judgment dismissing the third-party complaint. Supreme Court partially granted defendant's motion by dismissing plaintiffs' second and fourth causes of action alleging breach of warranty but denied the motion as to the causes of action sounding in negligence and

strict products liability. Additionally, Supreme Court denied Surpass' cross motion. Both defendant and Surpass appeal.

Because we agree that material issues of fact exist as to plaintiffs' first, third and fifth causes of action, we affirm. The record reflects that Surpass routinely utilized defendant for the maintenance and repair of its hydraulic lifts and that its normal procedure, when a lift was malfunctioning, was to send it to defendant for repairs. The record also reflects that it was not the practice of Surpass to direct defendant as to any specific repair, but to merely inform defendant that there was a problem with the lift and to rely upon defendant's expertise to diagnose and correct the problem. Indeed, with regard to the lift in question, one of defendant's mechanics, Yedat Singh, testified that he was given a job assignment form with the handwritten notation, "lift gate repair?" Singh further testified that he understood this directive to mean that he was to fix whatever needed to be fixed. To that end, Singh testified, he repaired the electrical cable connected to the solenoid, adjusted the lift gate and thereafter operated the lift to insure that it was working properly.

The record further reflects that after the accident, Surpass sent the truck back to defendant to determine why the lift malfunctioned and to repair it. Another of defendant's mechanics, Joseph Reddix, testified that upon inspection he found a leak in the hydraulic cylinder, which, in turn, caused the malfunction. According to Reddix, it appeared from the accumulation of grime and road dirt that had adhered to the oil and grease on the cylinder that the leak had been present for an extended period of time.

While defendant submitted proof that Singh performed tests subsequent to his repair in order to ascertain that the lift was working properly and was not leaking hydraulic oil, Reddix testified that one could not determine whether the lift was subject to hydraulic failure without placing 300 pounds to 400 pounds of weight on the gate while testing it. Of critical import is the fact that defendant produced no evidence that Singh employed any weight-bearing devices when testing the lift following his repairs. The lack of that evidence, coupled with Reddix's opinion that the hydraulic leak had existed for a considerable period of time prior to the accident, raises material questions of fact as to whether defendant could or should have discovered the leak at the time the lift initially was given to it for repair and, further, whether the repair and the subsequent testing of the lift was done properly.

We also reject defendant's contention that Supreme Court

improperly denied its motion for summary judgment dismissing plaintiffs' products liability claim. Insofar as defendant claims that plaintiff cannot make out a prima facie case inasmuch as there is no proof that a defect existed in the lift when it left defendant's repair shop, we need only note that plaintiffs may prove a defect inferentially by establishing that the product did not perform as intended for no reason unattributable to defendant (*see, Peerless Ins. Co. v Ford Motor Co.*, 246 AD2d 949). Moreover, rather than providing affirmative evidentiary proof demonstrating its right to judgment as a matter of law, defendant has merely challenged plaintiffs' ability to ultimately establish their case, which, of course, is insufficient to entitle defendant to summary judgment (*see, Clark v Globe Bus. Furniture*, 237 AD2d 846, 847).

To the extent defendant claims that it was a mere service provider and, therefore, cannot be held strictly liable for its sale of a defective product (*see, Perazone v Sears, Roebuck & Co.*, 128 AD2d 15, 20), our review of the record does not reveal that defendant has established that it is primarily a repair shop, which only incidentally supplies parts. It is clear from the record that defendant used parts from its own department to repair the hydraulic lift and charged Surpass therefor. Furthermore, defendant's invoice states, "EQUIPMENT, PARTS & SERVICE SPECIALISTS TO THE TRANSPORTATION INDUSTRY", which suggests that defendant sells parts as a function of its regular business, in which case it could be held liable for products liability (*see generally, Furch v General Elec. Co.*, 142 AD2d 8, 14, *lv dismissed* 74 NY2d 792). Accordingly, we find that Supreme Court appropriately denied defendant's motion for summary judgment with regard to plaintiffs' first, third and fifth causes of action.

Finally, while we concur with Surpass that defendant has offered no evidence concerning anything Surpass did or did not do in the interim between defendant's repair and plaintiff's injury that would create an issue of fact as to Surpass' negligence and defendant's entitlement to contribution, Surpass has failed to offer any proof as to defendant's allegation that Surpass failed to properly supervise and instruct plaintiff in his use of the lift. That being so, Surpass has failed to establish its entitlement to judgment as a matter of law and Supreme Court properly denied its motion.

Mikoll, J. P., Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the amended order is affirmed, without costs.