■ ARMANDO LOPEZ, Respondent, v POPKIN'S MOTOR PARTS, INC., Appellant. [689 NYS2d 664] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated July 21, 1998, as denied those branches of its motion which were for summary judgment dismissing the plaintiff's causes of action based on the theories of strict products liability, breach of implied warranty, and negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

There was sufficient circumstantial evidence in the record of a defect in the hydraulic arm of the engine hoist at issue (*see, Caprara v Chrysler Corp.,* 52 NY2d 114, 123; *McDermott v City of New York,* 50 NY2d 211, 220; *Retz v ALCO Equip.,* 259 AD2d 898), and the evidence also demonstrated that the defendant sold the engine hoist to the plaintiff's employer.

The Supreme Court properly determined that the defendant was not a "casual" seller (*see, Retz v ALCO Equip., supra; cf., Stiles v Batavia Atomic Horseshoes,* 81 NY2d 950; *Clute v Paquin,* 219 AD2d 783), and that the record contained no evidence demonstrating that the sale of the engine hoist was on an "as is" basis.

The defendant's remaining arguments were not presented to the Supreme Court, Kings County, and, as a result, are not properly raised on appeal. Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.