■ MYRON M. DAWES et al., Appellants, v DAVID BALLARD et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Isseks, J.), dated May 6, 1986, which granted the defendants' motion for judgment as a matter of law at the close of the plaintiffs' evidence.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The trial court correctly concluded that the plaintiffs failed to establish a prima facie case of negligent supervision. Under this theory of recovery, the plaintiffs alleged that the defendants were negligent in failing to control the conduct of their son on their property when they knew or should have known that his conduct was likely to injure a third party (see, Basso v Miller, 40 NY2d 233). However, the plaintiffs did not offer any evidence that the defendants had the ability or the opportunity to control their son's conduct (see, Huyler v Rose, 88 AD2d 755, appeal dismissed 57 NY2d 777). In fact, the defendants called the police for assistance because they were unable to control him, and the plaintiff Myron M. Dawes, a Town of Newburgh police officer, responded.

However, the trial court erred in dismissing the complaint

in its entirety. Viewing the evidence in the light most favorable to the plaintiffs, and giving the plaintiffs the benefit of the most favorable inferences which can reasonably be drawn from such evidence *(see, Quinlan v Cecchini,* 41 NY2d 686; *Lipsius v White,* 91 AD2d 271), it cannot be said that there is no rational process by which the jury could find for the plaintiffs under the theory of negligent misrepresentation *(see, Lipsius v White, supra; Nicholas v Reason,* 84 AD2d 915). "[G]enerally, a negligent statement may be the basis for recovery of damages, where there is carelessness in imparting words upon which others were expected to rely and upon which they did act or failed to act to their damage *(Nichols v Clark, MacMullen & Riley,* 261 NY 118, 125), but such information is not actionable unless expressed directly, with knowledge or notice that it will be acted upon, to one to whom the author is bound by some relation of duty, arising out of contract or otherwise, to act with care if he acts at all *(Courteen Seed Co. v Hong Kong & Shanghai Banking Corp.,* 245 NY 377, 381)" *(White v Guarante,* 43 NY2d 356, 362-363; *accord, International Prods. Co. v Erie R. R. Co.,* 244 NY 331, *cert denied* 275 US 527). In this case, the plaintiffs alleged that the defendants negligently misrepresented their son's condition to and failed to warn the plaintiff Myron M. Dawes of his vicious propensities. As a consequence, the plaintiff Myron M. Dawes did not prepare himself for a possible attack by the defendants' son and was unable to guard against the injuries sustained as a result of that attack.

The evidence adduced created a question of fact as to whether the defendants owed the plaintiff Myron M. Dawes a duty to warn him of the existence of the dangerous condition, that is, their son's alleged vicious propensities *(see, Jenkins v 313-321 W. 37th St. Corp.,* 284 NY 397, *rearg denied* 285 NY 614; *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *affd* 20 NY2d 921, *rearg denied* 21 NY2d 1040), and whether the defendants had the opportunity to warn the plaintiff Myron M. Dawes of this condition. A question of fact also exists regarding whether the plaintiff relied on the defendants' alleged misrepresentation, whether that reliance was reasonable *(see, International Prods. Co. v Erie R. R. Co., supra; cf., Webb v Cerasoli,* 275 App Div 45, *affd* 300 NY 603), and whether the misrepresentation proximately caused the plaintiff Myron M. Dawes's injuries. Thus, the plaintiffs established a prima facie case of negligent misrepresentation, and the trial court erred in granting the defendants' motion for judgment as a matter of law at the close of the plaintiffs' evidence.

The defendants' contention on appeal is that the plaintiffs are barred from recovering under this theory based upon the doctrine of assumption of the risk is without merit. That doctrine, as applied to police officers, provides that police officers may not recover for injuries sustained as a result of the negligence which created the need for the special services for which they are trained, as they are said to have assumed the risks inherent in their profession based upon the very nature of their duties (see, Santangelo v State of New York, 127 AD2d 647, lv granted 69 NY2d 612; McGee v Adams Paper & Twine Co., supra). However, recovery is not barred where, as here, the negligence which allegedly caused the injury is separate and apart from the negligence which occasioned the situation for which the officer was summoned, for in such a situation it cannot be said that the officer assumed the risk created by that negligence (see, McGee v Adams Paper & Twine Co., supra; see also, Schwab v Rubel Corp., 286 NY 525; Skupeen v City of New York, 29 AD2d 282). Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.