■ WILLIAM E. WYNNE, Appellant, v JOSEPH TULLMAN, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Hickman, J.), dated May 23, 1988, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, a police officer in the Town of Ramapo, in response to a complaint of intoxicated juveniles, apprehended the defendant and placed him in his patrol car. While the plaintiff was discussing the matter with his sergeant, the defendant exited the car and ran into a nearby wooded area. The plaintiff chased after him and was injured when he was hit in the forehead by a tree branch which snapped back at him. The plaintiff thereafter sued the defendant, alleging that the defendant had negligently and/or deliberately injured him.

In Santangelo v State of New York (71 NY2d 393), the Court of Appeals explicitly ruled that police officers injured in the line of duty may not as a matter of public policy recover damages for injuries sustained as a result of the negligence

which created the need for the special services for which they are trained. Here, the apprehension of the defendant fell squarely within the scope of the duties for which the plaintiff was trained and compensated. Therefore, the Supreme Court properly dismissed the plaintiff's first cause of action sounding in negligence (see, O'Connor v O'Grady, 143 AD2d 738; see also, Dawes v Ballard, 133 AD2d 662, 664).

The plaintiff's second cause of action alleging the intentional infliction of injury was also properly dismissed. The plaintiff failed to come forth with any evidence raising a triable issue of fact in this regard (see, Zuckerman v City of New York, 49 NY2d 557). There is nothing in the record to indicate that the defendant intentionally injured the plaintiff. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.