■ MYRON M. DAWES, Respondent, v DAVID BALLARD et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Orange County (Owen, J.), dated June 16, 1988, which, upon a jury verdict finding them 60% at fault and the plaintiff 40% at fault, and finding that the plaintiff had suffered damages in the amount of $145,000, is in favor of the plaintiff and against them in the principal sum of $87,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The record reveals that the plaintiff, a police officer, responded to the defendants' premises after the defendants discovered that their emotionally disturbed son had locked himself in a tool shed situated on the property. While attempting to remove the defendants' son from the shed, the plaintiff sustained physical injuries when the son stabbed him. The plaintiff subsequently commenced this action against the defendants to recover damages for his injuries on theories of negligent supervision and negligent misrepresentation. The latter claim was premised upon the plaintiff's allegations that the defendants were aware of prior instances of violent conduct by their son, yet failed to fully apprise the plaintiff of their son's dangerous propensities. On a prior appeal, this court upheld the dismissal of the negligent supervision claim,

but concluded that triable issues of fact had been raised with respect to the negligent misrepresentation claim, thereby warranting a trial on this theory *(see, Dawes v Ballard,* 133 AD2d 662). A trial was subsequently conducted in the Supreme Court, Orange County, at the conclusion of which the jury rendered a verdict in favor of the plaintiff. The defendants appeal from the ensuing judgment. We now reverse and dismiss the complaint.

Initially, we note that our decision in the prior appeal in this case *(see, Dawes v Ballard, supra)* is no longer controlling with respect to the issues before us. The text of that decision unequivocally demonstrates that it was premised upon an application of the doctrine of assumption of risk to the facts of this case. Subsequent to that decision, however, the Court of Appeals in *Santangelo v State of New York* (71 NY2d 393), expressly rejected any reliance upon an assumption of risk analysis in cases of this type. Rather, it held that broad public policy considerations bar police officers from recovering damages for injuries which arise from "negligence in the very situations that create the occasion for their services" *(Santangelo v State of New York, supra,* at 397) and which are sustained in the course of their performance of "function[s] particularly within the scope of duty of police officers" *(Santangelo v State of New York, supra,* at 397).

In light of the foregoing, we conclude, as a matter of law, that public policy precludes the plaintiff from recovering damages for the injuries he sustained while attempting to remove the defendants' emotionally disturbed son from the shed *(see, e.g., O'Connor v O'Grady,* 143 AD2d 738).

In view of the above disposition, we need not reach the defendants' two remaining contentions concerning factual and evidentiary questions.

No other issue has been raised or considered in this case. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.