(September 11, 1990)

■ ANGELA M. SHARKEY, as Administratrix of the Estate of THOMAS E. SHARKEY, Deceased, Respondent, v MITCHELL's NEWSPAPER DELIVERY, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County (Herman Cahn, J.), entered November 29, 1988, which denied defendant's motion for summary judgment, unanimously affirmed, without costs and without disbursements.

Plaintiff's intestate commenced this action to recover damages for injuries suffered when the decedent was struck by a truck owned by defendant Mitchell's Newspaper Delivery, Inc. (Mitchell's) and operated by defendant Edgar Ouida (Ouida). The decedent, a New York City police officer, was allegedly struck and injured by Mitchell's truck while he was directing traffic at the scene of an unrelated accident.

Mitchell's moved for summary judgment based upon the application of the so-called "firemen's rule", which generally precludes recovery by uniformed officers injured while performing a function within the scope of their duties. (*Santangelo v State of New York,* 71 NY2d 393.) However, since Mitchell's was not involved in the accident which created the need for the presence of decedent in the first instance and since defendant's negligence was separate and apart from the act which occasioned the services of decedent as a police officer, this action is not governed by application of the general rule, "the determinative factor being the degree of separation between the negligent act directly causing the injury and the act which occasioned the police officer's services." (*Starkey v Trancamp Contr. Corp.,* 152 AD2d 358, 361.)

In any event, whether or not the rule of *Santangelo (supra)* applies under these facts, a recent amendment to General Municipal Law § 205-e makes clear that its ameliorative provisions apply retroactively and allow maintenance of this action. (*See,* L 1990, ch 762.) Concur—Murphy, P. J., Kupferman, Rosenberger, Kassal and Ellerin, JJ.