■ John Janeczko et al., Appellants, v Benjamin Duhl, Doing Business as 2-8 West 47th Street Realty Company, Respondent, and Beller Jewelry Co., Inc., Respondent and Third-Party Plaintiff, et al., Third-Party Defendants.—Order,

Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about January 10, 1990, *inter alia,* granting motion and cross motion of the defendants for dismissal of the complaint for failure to state a cause of action (CPLR 3211 [a] [7]) and entering judgment accordingly, unanimously reversed, on the law, the motion and cross motion denied, the judgment vacated, the complaint reinstated, and plaintiffs granted leave to amend their complaint to plead a cause of action pursuant to General Municipal Law § 205-e, without costs.

This appeal requires us to examine whether under the circumstances herein the "Fireman's Rule" *(see, Kenavan v City of New York,* 70 NY2d 558 [1987]) operates to preclude a police officer's cause of action in common-law negligence against the owner of a building and one of its tenants for a line-of-duty personal injury.

On June 18, 1982, plaintiff John Janeczko (Janeczko), a detective with the New York City Police Department, was injured when, while investigating a robbery, he tripped over a discarded carpet remnant in the ninth-floor hallway of 2 East 47th Street. The amended complaint charges Benjamin Duhl, the owner of the building, and Beller Jewelry Co., Inc. (Beller), a tenant apparently responsible for placing the rug in the hallway, with common-law negligence.

Janeczko and Detective Harry Hard went to the building to investigate a robbery which had taken place in the office of third-party defendant Automatic Findings, Inc. (Automatic), a gold-smelting concern, also located on the ninth floor. According to Janeczko's deposition testimony, he and Hard spoke with the proprietor of Automatic and with one of his employees. They learned that the proprietor was returning to his business from a hallway bathroom when he was confronted by thieves and handcuffed or tied up. Apparently, the proprietor was thus unable to tend to a furnace used for smelting gold, and a small fire occurred which activated the building's sprinkler system.

The accident occurred when Janeczko was in the process of retracing the complainant's route from the bathroom and examining the hallways and stairwells for physical evidence. While apparently headed toward some drums in the hallway which he intended to inspect for evidence, Janeczko tripped over the folded rug remnant, fell into a cement wall and then toppled onto the floor, injuring his left knee.

Reports prepared by Janeczko's supervising officers and by the Medical Board of the Police Pension Fund designate his

injury as having been obtained in the line of duty. By notice dated February 2, 1983, Janeczko was certified by the Police Pension Fund for retirement due to a service-incurred disability.

By motion dated July 27, 1989, Duhl, by an attorney's affirmation, moved to dismiss the amended complaint for failure to state a cause of action (CPLR 3211 [a] [7]), citing, *inter alia, Santangelo v State of New York* (71 NY2d 393 [1988]) and *O'Connor v O'Grady* (143 AD2d 738 [2d Dept 1988]). On August 23, 1989, Beller cross-moved for similar relief.

Janeczko opposed the motions, arguing that since the negligence which caused his injury was independent from the robbery which occasioned his being at the location and since the risk of tripping over unlawfully discarded refuse was not inherent in the investigative function, the "Fireman's Rule" does not apply. He alleged that a Beller employee told Detective Hard that the discarded carpeting had come from Beller offices and also alleged that the defendants were in violation of section 27-369 of the Administrative Code of the City of New York (Building Code), which requires that corridors be kept unobstructed. Thus Janeczko maintained that he had a cause of action under General Municipal Law § 205-e.

Beller replied, submitting portions of the deposition testimony of one of its employees that the carpeting remnants could not have come from its offices.

The IAS court granted the motion and cross motion, finding that *Santangelo v State of New York (supra)* was controlling. The court further rejected plaintiffs' claim under General Municipal Law § 205-e upon the grounds that the statute was enacted seven years after the cause of action arose and, moreover, that this claim had not been pleaded.

In *Santangelo v State of New York (supra)*, the Court of Appeals first applied the "Fireman's Rule" to police officers, holding that a police officer could not recover against the State for line-of-duty injuries sustained while attempting to subdue an escaped mental patient. The court concluded that an action for negligence in connection with the patient's escape could not lie because sound public policy precludes recovery by police for injuries incurred by the very situation which occasioned the need for their services. The series of cases following *Santangelo* have focused on whether the negligent condition which caused the officer's injury is the same condition which caused the officer to be summoned to the

scene. Thus, in *Starkey v Trancamp Contr. Corp.* (152 AD2d 358, 361 [2d Dept 1989]), the Second Department rejected the notion that *Santangelo* precludes recovery in all cases where a police officer is injured in the line of duty. The *Starkey* court held that an officer injured while investigating a report of a disorderly youth on a construction site could maintain a cause of action against both the construction company and the City of New Rochelle, which owned the property. The court reasoned that the dangerous condition at the demolition site causing the injury had not been created by the disorderly youth whose conduct occasioned the police officer's services, but rather by separate and distinct allegedly negligent acts of the defendants. (152 AD2d, *supra,* at 363.)

In *Furch v General Elec. Co.* (142 AD2d 8, 12 [3d Dept 1988], *lv dismissed* 74 NY2d 792 [1989]), firemen exposed to toxic substances while responding to a fire allegedly caused by a malfunction of electrical equipment were held to have a cause of action in common-law negligence against the electrical contractor. The "Fireman's Rule" did not bar recovery in *Furch* because the negligence causing the release of toxic substances was "sufficiently separate and apart from the negligence which occasioned the emergency for which plaintiffs were summoned" (142 AD2d, *supra,* at 12, citing *Dawes v Ballard,* 133 AD2d 662, 664 [2d Dept 1987]).

Similarly, a policeman who was exposed to methyl chloride while on detail at a train derailment was held to have a cause action against the railroad company for failure to warn of the hazard. The Fourth Department in *Guadagno v Baltimore & Ohio R. R. Co.* (155 AD2d 981 [4th Dept 1989]), concluded that *Santangelo (supra)* did not bar recovery because the "alleged negligence was not the reason plaintiff was on the scene."

More recently, in *Sharkey v Mitchell's Newspaper Delivery* (165 AD2d 664 [1st Dept]), we held that plaintiff could recover against the owner of a truck which struck plaintiff's decedent, a police officer, while he was directing traffic at the scene of an unrelated accident. We held that since the defendant was not involved in the accident which created the need for the presence of plaintiff's intestate in the first instance, the "Fireman's Rule" did not preclude recovery.

Here, the loose carpeting was separate and unrelated to the robbery of Automatic which Detective Janeczko had come to the building to investigate. This result would not be different even assuming, as alleged by Beller, the carpeting was placed in the hallway by a Beller employee to dry after it was soaked

by sprinklers set off by a fire in the Beller premises caused by the same person(s) who robbed Automatic.

Our holdings in *Pascarella v City of New York* (146 AD2d 61 [1st Dept 1989], *lv denied* 74 NY2d 610 [1989]) and *Duccilli v Belko Steel Corp.* (163 AD2d 89 [1st Dept]) do not dictate a different result. In *Pascarella v City of New York (supra),* we applied *Santangelo (supra)* in dismissing a complaint after a jury verdict wherein a police officer was injured in a bomb blast while conducting a perimeter check of One Police Plaza in New York County. In *Duccilli v Belko Steel Corp. (supra),* we held that an officer injured while removing wire cable blocking the roadway when responding to a traffic jam caused by the fallen wire was acting in the course of his employment and thus could not recover for common-law negligence. In both of these cases the alleged negligence which caused the officer's injury was directly related to the duty which called the officer to that location.

With respect to plaintiffs' claim under General Municipal Law § 205-e legislation enacted on July 22, 1990 (L 1990, ch 762) permits such claims in actions which were pending on or after January 1, 1987, provided they are commenced prior to June 30, 1991.

Accordingly, plaintiffs are granted leave to amend their complaint to include a cause of action under General Municipal Law § 205-e.

We have examined the remaining contentions of the parties and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Smith, JJ.