■ CARL WAWRZYNIAK, Respondent, v HARVEY SHERK et al., Appellants.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff, while acting in the course of his employment as a police officer, was injured on May 23, 1983, as he was assisting two fellow officers in effecting the arrest of defendant Ronald Sherk. Plaintiff sustained his injury when Sherk resisted arrest and when, in an attempt to extricate her son from police custody, defendant Madonna Sherk lunged toward the group, causing all of them to fall over a wrought iron railing. Plaintiff commenced this action against Ronald Sherk, his mother and father, alleging that they were negligent in resist-

ing the efforts of police officers and in failing to take proper precautions to avoid the incident. Defendants moved for summary judgment upon the ground that the common-law "fireman's rule" precluded police officers from the recovery of damages for those situations which create the need for their services *(see, Santangelo v State of New York,* 71 NY2d 393). The court denied defendants' motion, and on reargument, adhered to its original determination. We reverse.

A police officer is precluded from recovering damages for injuries suffered while performing "a function particularly within the scope of duty of police officers" *(Santangelo v State of New York, supra,* at 397). Courts have consistently held that the investigation of reports of criminal activity and the apprehension of suspects are functions particularly within the scope of police duties and that police officers are not entitled, under the common-law rule, to recover damages sustained during the performance of those functions *(see, Wynne v Tullman,* 151 AD2d 476; *O'Connor v O'Grady,* 143 AD2d 738; *Campbell v Lorenzo's Pizza Parlor,* 143 Misc 2d 1022; *see also, Santangelo v State of New York,* 71 NY2d 393, *supra).* Under the circumstances, defendants were entitled to summary judgment dismissing the complaint allegations of common-law negligence.

We further conclude that, to the extent the complaint may be liberally construed to include a cause of action under section 205-e of the General Municipal Law, defendants also are entitled to summary judgment dismissing that cause of action. In 1989, the Legislature enacted section 205-e to create a cause of action for injuries sustained by police officers in the line of duty (L 1989, ch 346). Although the statutory cause of action was created six years after plaintiff's injury, the Legislature, in 1990, revived those causes of action pending on or after January 1, 1987 (L 1990, ch 762), and it appears that the amendment applies to the subject complaint. This issue was not considered by Supreme Court because the statutory cause of action had not been "revived" at that time. We consider it at this time in the exercise of our power to search the record under the law as it exists at the time of appeal.

Legislative history, as reflected in the Executive Department's memorandum submitted to the Legislature, the legislative memorandum submitted to the Governor and the Governor's memorandum, reveals that section 205-e was intended to provide the same relief to police officers that exists for firefighters under General Municipal Law § 205-a. Section 205-a created a cause of action for firefighters "who sustain

injuries while engaged in extinguishing a fire on premises wherein the owner or other person in control negligently failed to comply with the requirements of some statute, ordinance, or rule *respecting the maintenance and safety of such premises" (Kenavan v City of New York,* 70 NY2d 558, 567; emphasis added). As noted in the Executive Department memorandum, the laws and regulations "impose clear duties on *property owners* and are intended to benefit firefighters, police officers and any other person who may enter upon the *premises subject to regulation"* (1989 McKinney's Session Laws of NY, at 2141; emphasis added). There is no allegation that plaintiff sustained his injury as a result of the violation of any statute or regulation regarding the maintenance and safety of premises, and thus, plaintiff has no General Municipal Law § 205-e cause of action *(see, Kenavan v City of New York, supra).* (Appeal from Order of Supreme Court, Erie County, Rath, J.—Summary Judgment.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.