■ JAMES MAGNESS et al., Respondents, v KARL W. GLANDORF et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated July 28, 1989, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Nassau County Police Officer responded to an

accident on the Long Island Expressway and parked his patrol car on the highway to block a disabled vehicle from oncoming traffic. As he sat in the patrol car, it was struck by a truck operated by the defendant Karl W. Glandorf, who later pleaded guilty, *inter alia,* to a charge of driving while intoxicated. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiffs' common-law negligence action was barred by the "fireman's rule" *(see, Santangelo v State of New York,* 71 NY2d 393). We find that the motion was properly denied, as the officer's services were sufficiently separate and apart from the negligent acts which caused his injuries *(see, Boglioli v Fletcher,* 170 AD2d 425; *Murphy v Creative Foods Corp.,* 170 AD2d 441; *Sharkey v Mitchell's Newspaper Delivery,* 165 AD2d 664; *Starkey v Trancamp Contr. Corp.,* 152 AD2d 358).

We need not reach the defendants' contention that General Municipal Law § 205-e does not apply to the plaintiffs' action since the plaintiffs have not sought to amend their complaint to assert a cause of action under this statute. Nevertheless, we note that the statute was amended to expressly provide for its application to actions pending on January 1, 1987 (L 1990, ch 762). Kunzeman, J. P., Kooper, Harwood and O'Brien, JJ., concur.