■ EDWARD ZIGO, Appellant, v 1172 ANDERSON CORP., Defendant, and FAZIO REALTY CORP., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Williams, J.), dated August 7, 1989, which granted the motion of the defendant Fazio Realty Corp. for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff, a New York City police detective, was injured when an automatic, overhead garage door fell on his neck as he entered a parking garage while on duty and investigating a crime. He commenced this negligence action against the defendant garage owner, Fazio Realty Corp. (hereinafter Fazio), alleging, *inter alia,* that the door was defective. Fazio moved for summary judgment dismissing the complaint based on the rule of *Santangelo v State of New York* (71 NY2d 393), which precludes a police officer from recovering damages for injuries sustained as a result of the negligence which created the occasion for the officer's services *(see also, Dawes v Ballard,* 163 AD2d 508; *Wynne v Tullman,* 151 AD2d 476).

We find that the court erred in dismissing the complaint. The evidence submitted by the plaintiff contradicted Fazio's claim that he was deliberately injured by a suspect of the police investigation. The plaintiff presented sufficient evidence that his services as a police officer were separate and apart from the negligent acts which caused his injuries to defeat Fazio's motion for summary judgment under the *Santangelo* rule *(see, Starkey v Trancamp Contr. Corp.,* 152 AD2d 358; *Murphy v Creative Foods Corp.,* 170 AD2d 441; *Janeczko v Duhl,* 166 AD2d 257). Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.