■ ANTHONY DEL CASINO et al., Appellants, v CITY OF NEW ROCHELLE, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Facelle, J.), entered January 18, 1990, as granted the defendant's motion for summary judgment dismissing the complaint and denied their cross motion for dismissal of the defendant's affirmative defenses.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted the defendant's motion for summary judgment, and substituting therefor a provision denying the motion, and reinstating the complaint, and (2) deleting the provision thereof which denied that branch of the plaintiffs' cross motion which was to dismiss the defendant's fourth affirmative defense, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Anthony Del Casino, a police officer for the defendant City of New Rochelle, alleged that he was injured as the result of the negligence of the City in failing to properly maintain a footbridge. In their amended verified bill of particulars, the plaintiffs alleged that the City violated certain provisions of the Charter of the City of New Rochelle and Highway Law §§ 230 and 251, in its maintenance of the bridge. In view of these allegations, we find that the complaint states a cause of action under General Municipal Law § 205-e, which is applicable to cases pending after January 1, 1987 *(see,* L 1990, ch 762; *cf., Magness v Glandorf,* 171 AD2d 652; *Campbell v Lorenzo's Pizza Parlor,* 172 AD2d 478). The City's motion for summary judgment dismissing the complaint is therefore denied.

The plaintiffs contend that the court erred in denying their cross motion to dismiss the City's four affirmative defenses. The fourth affirmative defense, which alleged that the action was barred on public policy grounds, should be dismissed, as the defense is not applicable to a statutory cause of action under General Municipal Law § 205-e. The City withdrew so much of its third affirmative defense as alleged that this

action was barred by the Workers' Compensation Law. We find that there are triable issues of fact with respect to the City's remaining affirmative defenses which preclude their dismissal. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.