■ MARY BUCKLEY et al., Appellants, v CITY OF NEW YORK, Respondent. EDWARD J. COULTER et al., Appellants, v CITY OF NEW YORK, Respondent.—Orders, Supreme Court, Bronx

County (Lewis Friedman, J.), entered on January 2, 1990, which granted respondent City of New York's motions to dismiss the complaints in the above-noted actions for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiffs, highly skilled and specially trained police officers assigned to the elite Emergency Service Unit of the Police Department, brought these actions against the City of New York to recover monetary damages for injuries sustained in confronting a criminal suspect, named Larry Davis. Their claim is essentially that the City was negligent because standard operating procedure, with respect to the aborted arrest attempt of Davis on November 19, 1986 at 1231 Fulton Avenue in the Bronx, was not followed. The IAS Court correctly determined that the officers had no viable causes of action against the City of New York.

The apprehension of criminal suspects is a function particularly within the scope of police duties *(Wynne v Tullman,* 151 AD2d 476). Further, police officers are experts engaged, trained and compensated by the public to deal on its behalf with emergencies and hazards often created by negligence and may not generally recover damages for negligence in the very situation that creates the occasion for their services. *(Santangelo v State of New York,* 71 NY2d 393, 397.) Moreover, police officers may not recover monetary damages for the exercise of poor judgment on the part of their superiors in the exercise of their duties. *(See, McCormack v City of New York,* 172 AD2d 357; *Senft v City of New York,* 159 AD2d 370, *lv denied* 76 NY2d 704; *Pascarella v City of New York,* 146 AD2d 61, *lv denied* 74 NY2d 610; *see also, Santangelo v State of New York, supra.)*

Plaintiffs' contention that they have a viable cause of action under General Municipal Law § 205-e, which was enacted in 1989 to create a cause of action for injuries sustained by police officers in the line of duty (L 1989, ch 346, as amended by L 1990, ch 762), is of no avail. The legislative history of General Municipal Law § 205-e reveals that said statute was enacted to provide the same relief to police officers that exists to firefighters under General Municipal Law § 205-a, which has been interpreted to permit a cause of action to recover for injuries sustained "on premises wherein the owner or other person in control negligently failed to comply with the requirements of some statute, ordinance, or rule respecting the maintenance and safety of such premises." *(Kenavan v City of New York,* 70 NY2d 558, 567.) Since General Municipal Law § 205-a is to be applied only to negligent failure to comply with requirements

regarding maintenance and safety of premises, and there is no allegation that the officers sustained their injuries as a result of any such violation, plaintiffs have no General Municipal Law § 205-e cause of action. *(Wawrzyniak v Sherk,* 170 AD2d 972.)

We have considered plaintiffs remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.