■ MATTHEW IACCARINO et al., Appellants, v WELLAND ESTATES, LTD., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Robbins, J.), dated March 23, 1990, which granted the defendant Artko Wrecking Company's motion for summary judgment dismissing the complaint insofar as it is asserted against it, and all cross claims against it, and (2) an order of the same court, dated May 3, 1990, which granted the separate motions of the defendant Young Contracting Corp., and the defendant Welland Estates, Ltd., for summary judgment dismissing the complaint insofar as it is asserted against each of them and all cross claims against them.

Ordered that the orders are reversed, on the law, with one bill of costs, and the motions are denied.

The plaintiff Matthew Iaccarino, a New York City Police Officer, was injured when he fell over demolition debris while chasing a burglary suspect. He commenced this action, alleging that the defendants negligently allowed a dangerous condition to arise by permitting demolition debris to accumulate without posting adequate barriers or warnings. The Supreme Court concluded that the action was barred by the "fireman's rule" *(see, Santangelo v State of New York,* 71 NY2d 393, 397), and granted each of the defendants' motions for summary judgment dismissing the complaint. This was error.

Police officers are not precluded from recovering damages in all cases where they are injured in the line of duty. The determinative factor in deciding whether recovery is precluded is "the degree of separation between the negligent act directly causing the injury and the act which occasioned the police officer's services" *(Starkey v Trancamp Contr. Corp.,* 152 AD2d 358, 361). Because services of the plaintiff police officer in attempting to apprehend a burglary suspect were distinct

and separate from the defendants' alleged negligent maintenance of the premises, the action was not barred by the "fireman's rule" *(see, Brofsky v City of New York,* 172 AD2d 640; *Zigo v 1172 Anderson Corp.,* 171 AD2d 789; *Magness v Glandorf,* 171 AD2d 652; *Murphy v Creative Foods Corp.,* 170 AD2d 441). Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.