■ MARK E. GERMAIN et al., Appellants, v DONALD CHERICO et al., Defendants and Third-Party Plaintiffs-Respondents, and RICHARD LEWIS, Defendant.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Burchell, J.H.O.), entered April 18, 1990, as, upon an order entered March 14, 1990, granting the motion of the defendants Donald Cherico and White Plains Towing Corporation, doing business as Don's Towing, for summary judgment dismissing the complaint insofar as it is asserted against them, is in favor of those defendants and against the plaintiffs dismissing the complaint. The plaintiffs' notice of appeal from the order entered March 14, 1990, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiffs payable by the defendants third-party plaintiffs-respondents, the provision of the order entered March 14, 1990, which granted the motion of Donald Cherico and White Plains Towing Corporation is vacated, and that motion is denied.

The plaintiff Mark Germain was, at the time of the accident, a police officer employed by the Police Department of the City of White Plains. On September 16, 1984, he responded to the scene of an automobile accident. A van driven by the defendant Richard Lewis had run off the road and overturned, and was resting on its side atop a flattened section of the metal chain link fence surrounding the grounds of White Plains High School. Approximately one hour and 45 minutes elapsed during which emergency personnel secured the van and extricated Lewis, who was taken to the hospital.

Thereafter, the defendant Donald Cherico arrived upon the scene in a tow truck. After conferring with Officer Germain, Cherico righted the van and attempted to tow it off of the downed fence. The exact sequence of the events which followed remains unclear. However, a fence post snapped upward and struck Officer Germain in the head, causing him to sustain physical injuries.

The Supreme Court granted the separate motions by the defendant Richard Lewis and the defendants Donald Cherico and White Plains Towing Corporation for summary judgment dismissing the complaint insofar as it is asserted against them, holding that recovery by Officer Germain was barred by the rule of *Santangelo v State of New York* (71 NY2d 393). On this appeal the plaintiffs concede that their cause of action against the defendant Lewis is barred, as Lewis's negligence in the operation of his van was the very cause which necessitated the officer's presence at the scene. Public policy precludes the recovery of damages for personal injuries sustained by a police officer who is injured in the course of performing the duties for which he was trained and compensated *(see, Santangelo v State of New York, supra; Campbell v Lorenzo's Pizza Parlor,* 172 AD2d 478; *Dawes v Ballard,* 163 AD2d 508; *Wynne v Tullman,* 151 AD2d 476; *Pascarella v City of New York,* 146 AD2d 61; *O'Connor v O'Grady,* 143 AD2d 738).

However, the Supreme Court erred in applying this rule against the defendants Donald Cherico and White Plains Towing Corporation. Cherico's alleged negligence in the removal of the van from atop the downed, compressed section of fence was a distinct act of negligence, separate and apart from the negligence which created the need for the officer's services. When a police officer is injured, even while in the line of duty, as a result of the independent negligence of another, he is not precluded from maintaining a personal injury action against that tort-feasor *(see, Zigo v 1172 Anderson Corp.,* 171 AD2d 789; *Magness v Glandorf,* 171 AD2d 652; *Murphy v Creative Foods Corp.,* 170 AD2d 441; *Boglioli v Fletcher,* 170 AD2d 425; *Sharkey v Mitchell's Newspaper Delivery,* 165 AD2d 664; *Duda v Griffin,* 165 AD2d 298; *Starkey v Trancamp Contr. Corp.,* 152 AD2d 358). Accordingly, the issues concerning the alleged negligence of the defendants Cherico and White Plains Towing Corporation should be decided by a jury. Kunzeman, J. P., Eiber, Miller and Ritter, JJ., concur.