■ ALBERTO VILLANUEVA et al., Respondents, v GINO COMPARETTO et al., Appellants. (Action No. 1.) INCORPORATED VILLAGE OF FREEPORT, Appellant-Respondent, v GINO COMPARETTO et al., Respondents-Appellants. (Action No. 2.)—In an action to recover damages for personal injuries, etc. (Action No. 1), and a related action by the Incorporated Village of Freeport to recover damages under General Municipal Law § 207-c (Action No. 2), (1) the defendants Anthony Comparetto, Anthony & Sons Dairy Company and Cremosa Cheese Corporation appeal from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), entered February 21, 1990, as denied their motion to dismiss the plaintiffs' third, fourth, sixth, eighth, and ninth causes of action in Action No. 1, (2) the Village of Freeport appeals from so much of the same order as denied its motion for partial summary judgment as to liability and granted that branch of the motion of Cremosa Cheese Corporation which was to dismiss the first cause of action asserted against it in Action No. 2 as time-barred, (3) Cremosa Cheese Corporation cross-appeals from so much of the order as denied that branch of its motion which was to dismiss the second cause of action asserted against it in Action No. 2, and (4) Gino Comparetto cross-appeals from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the first cause of action asserted against him in Action No. 2.

Ordered that the order is modified, on the law, by granting that branch of the Village's motion which was for partial summary judgment as to liability on the first cause of action against Gino Comparetto; as so modified, the order is affirmed, with one bill of costs to the plaintiffs in Action No. 1 and the plaintiff in Action No. 2, appearing separately and filing separate briefs.

On March 2, 1987, the plaintiff Alberto Villanueva, a police officer employed by the Village of Freeport, responded to a

complaint regarding illegally parked trucks obstructing a construction site. The trucks were owned by the defendant Cremosa Cheese Corporation (hereinafter Cremosa). Officer Villanueva asked the defendant Gino Comparetto, the president of Cremosa, to remove the illegally parked trucks. Comparetto refused. When Officer Villanueva started to write up a summons, Comparetto grabbed him from behind, restrained him in a headlock, and punched him. Shortly thereafter, Comparetto was arrested by Officer Villanueva, aided by backup officers. On June 14, 1988, Comparetto was convicted, after a jury trial, of assault in the second degree (Penal Law § 120.05), obstructing governmental administration in the second degree, and resisting arrest.

In February 1988 Officer Villanueva and his wife commenced Action No. 1 to recover damages for personal injuries against, *inter alia,* Comparetto and Cremosa, asserting causes of action based on negligence, intentional tort, and vicarious liability. Subsequently, the Village also brought an action against Comparetto and Cremosa pursuant to General Municipal Law § 207-c to recover sums expended as a result of Officer Villanueva's injuries based on allegations of battery and negligence (Action No. 2). Thereafter, Comparetto and Cremosa moved for summary judgment to dismiss so much of Officer Villanueva's complaint as was based on negligence, reasoning that the "fireman's rule" barred that claim. Comparetto and Cremosa also moved for summary judgment in the second action upon the same ground, also contending that the Village's claim against them based on battery was barred by the applicable Statute of Limitations. The Village moved for partial summary judgment against the defendants on the issue of liability.

The Supreme Court properly denied the motions to dismiss the respective negligence claims. It is now well settled that *"Santangelo v State of New York* [71 NY2d 393] does not preclude recovery in all cases where a police officer is injured in the line of duty" *(Starkey v Trancamp Contr. Corp.,* 152 AD2d 358, 361). Police officers may recover for injuries when the liability is premised on negligence which is sufficiently separate and apart from the negligence which occasioned the need for their services *(Janeczko v Duhl,* 166 AD2d 257, 260; *see also, Sharkey v Mitchell's Newspaper Delivery,* 165 AD2d 664; *Dawes v Ballard,* 133 AD2d 662). Officer Villanueva was summoned to the scene because of the illegally parked trucks. On the other hand, his injuries were caused by the conduct of Comparetto. Since the alleged wrongful conduct of the defen-

dants was separate and apart from that which prompted Officer Villanueva to respond to the scene, the Supreme Court properly held that the negligence claims were not precluded by the "fireman's rule".

The Supreme Court correctly found that the Village's cause of action sounding in battery against Cremosa was barred by the one-year Statute of Limitations (CPLR 215 [3]). While the incident forming the basis of the lawsuit occurred on March 2, 1987, the Village did not commence its action against the defendants until June 1988. Although CPLR 215 (8) extended the Statute of Limitations against Comparetto, that provision was inapplicable against Cremosa, since the latter was not a party to the criminal proceedings (cf., Jordon v Britton, 128 AD2d 315 [action dismissed against defendants vicariously liable]).

However, the Supreme Court should have granted the Village's motion for partial summary judgment as to liability on its battery cause of action against Comparetto. Penal Law § 120.05 (3) provides, in pertinent part,

"[a] person is guilty of assault in the second degree when * * *

"(3) with intent to prevent a peace officer, police officer [or] fireman * * * from performing a lawful duty, he causes physical injury to such peace officer, police officer [or] fireman".

Although the injury may be unintended, accidental, or unforeseen (see, People v Campbell, 72 NY2d 602), a plaintiff seeking to establish a civil battery need only prove that the defendant intentionally touched his person without his or her consent. In convicting Comparetto of assault in the second degree, the jury necessarily determined that he had intentionally made bodily contact with Officer Villanueva without consent (see, Masters v Becker, 22 AD2d 118; Baldinger v Banks, 26 Misc 2d 1086). Therefore, Comparetto is collaterally estopped from relitigating the issue of civil battery (see, S. T. Grand, Inc. v City of New York, 32 NY2d 300).

We have considered the remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.