■ ANDREW MAISCH et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Herman Cahn, J.), entered May 25, 1990, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed on the law, without costs, and the judgment vacated solely to grant leave to plaintiffs to serve an amended complaint, within 20 days of this court's order, if they be so advised, specifying a pertinent statute, ordinance, rule, order or requirement allegedly violated by an act or omission of defendant, without prejudice to defendant's right to move for summary judgment anew, should plaintiffs fail to amend accordingly.

Plaintiff Andrew Maisch, a New York City police officer, was injured in February 1987 when he fell on a broken step after responding to a call to search defendant's premises for reportedly disorderly persons. His lawsuit for personal injuries was based on General Municipal Law § 205-e, which affords an independent cause of action for monetary recovery to any policeman injured in the performance of official duties (where the lawsuit is pending on or after January 1, 1987 [L 1990, ch 762]), by reason of another party's negligent failure to comply with statutory or regulatory requirements. Defendant's motion for summary judgment was premised on the so-called "Fireman's Rule" in *Kenavan v City of New York* (70 NY2d 558), which held that the half-century old comparable statute for firemen, upon which section 205-e was based, was not a predicate for actionable recovery for injuries suffered in performance of the very duty whose risks were inherent in the job. In other words, absent a special duty imposed on the defendant which particularly inures to the plaintiff's benefit, public policy precludes liability to a policeman injured by reason of another's negligence during the performance of his constabulary duties *(Santangelo v State of New York,* 71 NY2d 393).

Obviously, not all line-of-duty injuries are without right of recovery under this rule. The threshold test for liability is that the injurious act or condition be "sufficiently separate and apart from the negligence which occasioned the emergency for which plaintiffs were summoned" *(Furch v General Elec. Co.,* 142 AD2d 8, 12, *lv dismissed* 74 NY2d 792; *see also, Murphy v Creative Foods Corp.,* 170 AD2d 441; *Villanueva v Comparetto,* 180 AD2d 627). Since 1989 the Fireman's Rule has also been interpreted by the Second Department to mean that although a policeman cannot recover damages for negligence in the very situation that created the occasion for his services, he can recover where there is a sufficient "degree of separation" between the negligent act directly causing the injury and the event which occasioned the need for his services *(Starkey v Trancamp Contr. Corp.,* 152 AD2d 358, 361; *Iaccarino v Welland Estates,* 178 AD2d 402). We followed that formula in *Sharkey v Mitchell's Newspaper Delivery* (165 AD2d 664), and more recently in *Janeczko v Duhl* (166 AD2d 257), where a policeman was injured tripping over a folded rug remnant during his search of premises for evidence. In the latter case we held that the defective condition was sufficiently unrelated to the reason for the policeman's call to the scene as to provide the predicate for an independent action to recover damages.

"[S]eparate and apart", as applied in *Furch (supra,* at 12) may be a generally valid threshold requirement for recovery; but "degree of separation" is an amorphous concept which offers little guidance as to a workable formula. That imprecise test has foundation in neither the language of the statute nor the writings of the Court of Appeals in the seminal cases of *Kenavan (supra)* and *Santangelo (supra).* It is instead based entirely on a phrase used for the first time by the Second Department in its 1989 decision in *Starkey* (152 AD2d, *supra,* at 361). To the extent that we may have utilized that ambiguous language as the exclusive test in *Sharkey (supra)* and *Janeczko (supra)* we should no longer do so.* At least for purposes of the case at bar, a more appropriate test is to be found in the language of the statute itself.

The statute provides a cause of action in favor of the officer or firefighter against the party in control of premises for

---

* It should be noted that the degree-of-separation test is irrelevant in evaluating a statutory entitlement to recovery for injuries sustained at a time or place remote from the emergency situation, albeit in response thereto *(Heyer v City of New York,* 176 AD2d 550).

negligent failure to comply with the safety provisions of any governmental or municipal "statutes, ordinances, rules, orders and requirements" (General Municipal Law § 205-e; *see, Kenavan v City of New York,* 70 NY2d, *supra,* at 567). Such right of action in derogation of the common law should be narrowly construed. In *Wawrzyniak v Sherk* (170 AD2d 972, 974) the complaint was dismissed when the plaintiff failed to allege that he had "sustained his injury as a result of the *violation of any statute or regulation* regarding the maintenance and safety of the premises" (emphasis added). Similarly, in *Buckley v City of New York* (176 AD2d 207, 208-209) we held that since the statute applied "only to negligent failure to comply with requirements regarding maintenance and safety of premises, and there is no allegation that the officers sustained their injuries *as a result of any such violation"* (emphasis added), dismissals were mandated. Whether or not there was such a violation is a question of fact *(Austin v City of Buffalo,* 179 AD2d 1075). But failure to specify or identify the statute, ordinance, rule, order or requirement which the property owner has allegedly violated renders the complaint insufficient *(Brophy v Generoso,* 137 AD2d 478; *cf., Del Casino v City of New Rochelle,* 176 AD2d 282).

Plaintiffs herein have failed to allege the violation of any specific statute, ordinance, rule, order or requirement for maintaining safety on the premises. The fact that defendant, in its motion papers, has failed to address this defect in pleading may be subordinated to the principle that its summary judgment motion searches the record (CPLR 3212 [b]). However, in the interest of justice (CPLR 3025 [b]) and fairness *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.21), summary judgment dismissing the complaint should not be granted until plaintiffs have an opportunity to cure what may at present constitute merely a pleading defect *(Kupferman v Glasser,* 28 AD2d 1112). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.