■ GERTRUDE J. COOPER, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent, and MILLICENT E. HALL, Respondent, et al., Defendant.—Judgment of Supreme Court, Bronx County (Alan J. Saks, J.), entered October 30, 1990, awarding plaintiff $819,766 upon reduction of a jury verdict of $4,820,500, unanimously reversed, on the law, and the complaint is dismissed, without costs.

Plaintiff, a New York City police officer, was "recorder" in a vehicle driven by a fellow officer which was responding to an emergency call when it slammed into the rear of another

vehicle, causing plaintiff's injuries. Plaintiff sued the City, as well as her fellow officer and the driver of the civilian vehicle. The City appeals in part from denial of its motion to dismiss under *Santangelo v State of New York* (71 NY2d 393), which applied the so-called "fireman's rule" in precluding recovery by a policeman for injuries suffered by reason of negligence during the routine performance of police duties. *Santangelo* followed *Kenavan v City of New York* (70 NY2d 558), which had carved a common law exception out of the fireman's statutory cause of action for injuries suffered by reason of negligent failure to comply with any "statutes, ordinances, rules, orders and requirements" (General Municipal Law § 205-a). Among other things, the Court of Appeals, in *Kenavan,* interpreted section 205-a as applying not simply to the violation of any statute, ordinance, rule or order, but more specifically to an "owner or other person in control [who] negligently fail[s] to comply with the requirements of some statute, ordinance, or rule *respecting the maintenance and safety of such premises"* (70 NY2d, *supra,* at 567; emphasis added). Following *Santangelo,* the Legislature enacted a similarly worded statutory right of action for policemen (General Municipal Law § 205-e). We have interpreted section 205-e as also being linked solely to negligent noncompliance regarding the "maintenance and safety of the premises" *(Sciarrotta v Valenzuela,* 182 AD2d 443, 445; *Buckley v City of New York,* 176 AD2d 207), a position which has met with agreement in the Second and Fourth Departments of the Appellate Division *(see, Pane v City of New York,* 177 AD2d 688; *Wawrzyniak v Sherk,* 170 AD2d 972).*

We note in passing that plaintiff's complaint is further defective in that it fails to allege the violation of a "specific statute, ordinance, rule, order or requirement" *(Maisch v City of New York,* 181 AD2d 467, 469).

Our disposition renders it unnecessary for us to reach the issue of damages raised in the appeal and cross-appeal. Concur —Murphy, P. J., Wallach, Kupferman, Asch and Smith, JJ.

---

* Only one case *(Brown v Ellis,* 145 Misc 2d 1085 [NY Civ Ct, Richmond County], *affd sub nom. Brown v Harrington,* 150 Misc 2d 375 [App Term, 2d Dept]) has sought to draw a distinction between the supposedly more premises-oriented nature of a fireman's duties (related to an action under section 205-a) and the supposedly broader territorial duties of a policeman (for purposes of an action under section 205-e). The Court of Claims has rejected that distinction *(Ruotolo v State of New York,* 151 Misc 2d 820, 825).