■ ROBERT SCIARROTTA, Respondent, v JOCOBO VALENZUELA et al., Appellants.—Order of the Supreme Court, New York County (Leonard N. Cohen, J.) entered October 22, 1990, which denied defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint and granted plaintiff leave to amend the complaint and bill of particulars, unanimously reversed to the extent appealed from, upon the law, defendants' motion granted and the complaint dismissed, without costs.

On November 10, 1987, plaintiff, a New York City Police officer, was assigned to direct traffic at or about the intersection of Delancey Street and Ludlow Street, near the Williamsburg Bridge. Plaintiff momentarily left his post to assist a motorist in need of direction. While returning to his post and in the crosswalk, plaintiff was struck by a vehicle operated by defendant Valenzuela and owned by defendant Western Leasing, Inc.

Plaintiff subsequently commenced this negligence action against the defendants. Defendants sought summary judgment on the grounds that plaintiff's own version of the accident, as he described in his deposition and as presented in his three bills of particulars, established that plaintiff was injured while performing his duties as a police officer and, therefore, recovery was barred under *Santangelo v State of New York* (71 NY2d 393 [1988]). Plaintiff relied upon that same deposition testimony to allege that since he was struck while returning to his post after providing direction to a motorist, at that point he was a pedestrian and *Santangelo* was inapplicable.

Plaintiff also alleged that he was entitled to recovery under General Municipal Law § 205-e, which granted police officers the right to recover for injuries sustained in the line of duty for negligence if the injury was caused by the failure to comply with a local statute or ordinance. Plaintiff also alleged for the first time that defendants had violated Vehicle and Traffic Law §§ 1146 (driver to exercise due care to avoid pedestrian), 1151 (driver to yield to pedestrian in crosswalk) and 1102 (driver to obey direction of police officer), which provided a predicate for liability under General Municipal Law § 205-e.

The IAS court concluded that part of plaintiff's duties included "giving aid to a motorist in need of directions." Accordingly, it found, based on the facts as presented by plaintiff, that "plaintiff never removed himself from that scope of duty for which he [was] 'trained and compensated' when he walked down Delancey Street to give the motorist directions." Thus, the IAS court held that plaintiff's common law action was barred.

With respect to the cause of action based upon General Municipal Law § 205-e, the IAS court held that triable issues of fact existed as to whether defendants violated Vehicle and Traffic Law §§ 1146, 1151 and 1102 because such violations would suffice as a predicate for liability under General Municipal Law § 205-e. The IAS court rejected defendants' contention that General Municipal Law § 205-e applied to premises liability only. In light of this ruling, the IAS court granted plaintiff leave to amend his complaint and bill of particulars.

Defendants alone have appealed from the IAS court's order. Therefore, the only issue before us is whether the IAS court properly sustained plaintiff's cause of action pursuant to General Municipal Law § 205-e.*

We hold that the IAS court erred. General Municipal Law § 205-e, based upon its legislative history, has been held to provide to police officers the same relief extended to fire fighters under General Municipal Law § 205-a *(Buckley v City of New York,* 106 AD2d 207 [1991]; *Wawrzyniak v Sherk,* 170 AD2d 972 [1991]). General Municipal Law § 205-a has been

---

* In his respondent's brief, plaintiff contends that the IAS court erroneously dismissed his common law action. We disagree and would find that *Santangelo (supra)* is controlling. Plaintiff was assigned to direct traffic and was injured while returning to his post after providing direction to a motorist. This action was clearly within the scope of directing traffic, an activity for which he was trained and compensated by the public to perform with its attendant hazards.

interpreted to create a cause of action for fire fighters injured in the line of duty where the owner or other person in control failed to comply with some statute, ordinance or regulation regarding the maintenance and safety of the premises *(Kenavan v City of New York,* 70 NY2d 558, 567 [1987]; *see also, Andreaccio v Unique Parking Corp.,* 158 AD2d 222 [1990]). Since violation of Vehicle and Traffic Law §§ 1146, 1151 and 1102 is unrelated to the maintenance and safety of a premises, General Municipal Law § 205-e is not available to plaintiff as a basis for his cause of action *(Buckley v City of New York, supra* [no cause of action under General Municipal Law § 205-e where police officers claimed injuries sustained because of failure to follow standard operating procedures]; *Wawrzyniak v Sherk, supra* [no cause of action under General Municipal Law § 205-e where police officer injured in scuffle to effectuate an arrest]). Therefore, it would be futile to allow amendment of the complaint and bill of particulars to allege these violations.

Accordingly, the motion for summary judgment should have been granted and the complaint dismissed in its entirety. Concur—Sullivan, J. P., Rosenberger, Kassal and Smith, JJ.

