■ STAVROULA S., Appellant, v VINCENZO GUERRIERA, Respondent. [598 NYS2d 300] —In an action to recover damages for personal injuries based upon civil assault and battery, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated September 13, 1990, which denied her motion for partial summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On May 4, 1987, the defendant pleaded guilty to one count of rape in the second degree, admitting that in March 1986 he engaged in sexual intercourse with the infant plaintiff while she was under the age of 14 years old. Thereafter, the infant plaintiff, by her father and natural guardian, commenced the instant civil action alleging that on five occasions between March 1986 and August 1986 the defendant "took her against her will to various hotel rooms, where he maliciously and wantonly, with force and violence, indecently assaulted [her] and had carnal knowledge with her against her will and in spite of her resistance to the utmost of her ability". The complaint additionally asserted a claim sounding in the tort of

battery. During his examination before trial, the defendant denied using force to make the plaintiff go out with him and claimed that she said that she loved him. On appeal, the plaintiff contends that the Supreme Court erred in denying her motion for partial summary judgment on the issue of liability. We disagree.

Contrary to the plaintiff's contention, the defendant's plea of guilty to statutory rape did not establish as a matter of law that he forcibly assaulted her, or that he is liable for battery. Collateral estoppel applies where the issue is identical in both the criminal and civil cases and the defendant had a full and fair opportunity to litigate the issue in the earlier criminal proceeding *(see, Grayes v DiStasio,* 166 AD2d 261, 262-263; *Bergen v Shapiro,* 129 AD2d 669; *Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495, 502-503). The only issues of fact which were necessarily decided by virtue of the prior judgment of conviction were that the defendant, being over the age of 18 years, engaged in sexual intercourse with the plaintiff, who was at that time under the age of 14 years *(see,* Penal Law § 130.30). Thus, by pleading guilty to statutory rape, the defendant did not admit that he used force against the plaintiff or that he assaulted her, as the complaint alleged. Moreover, since lack of consent is not an element of rape in the second degree, the doctrine of collateral estoppel does not bar the defendant from litigating the issue of whether he touched the plaintiff without her consent, which is the gravamen of the tort of battery *(see, Richard L. v Armon,* 144 AD2d 1; *see also, Villanueva v Comparetto,* 180 AD2d 627, 629; *Coopersmith v Gold,* 172 AD2d 982). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.