■ C. ROE, Respondent, v DANIEL BARAD, Appellant. [647 NYS2d 14] —In an action to recover damages for battery and intentional infliction of emotional distress, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Rudolph, J.), dated September 26, 1995, as granted that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability is denied.

In 1995 the defendant was convicted of the use of a child in a sexual performance in violation of Penal Law § 263.05. In the course of his plea allocution he admitted to inducing the plaintiff, then 15 years old, to engage in a sexual performance which he videotaped. The plaintiff thereafter commenced this personal injury action against the defendant to recover damages for battery and intentional infliction of emotional distress.

The plaintiff moved for partial summary judgment on the issue of liability based upon the defendant's judgment of conviction, as well as his plea allocution in the aforementioned criminal action. The court granted the plaintiff's motion and we reverse.

To recover damages for battery founded on bodily contact, a plaintiff must prove that there was bodily contact, that the contact was offensive, and that the defendant intended to make the contact without the plaintiff's consent (*see, Villanueva v Comparetto,* 180 AD2d 627; *Laurie Marie M. v Jeffrey T. M.,* 159 AD2d 52, *affd* 77 NY2d 981; *see also,* 6 NY Jur 2d, Assault-Civil Aspects, § 1). Contrary to the contention of the plaintiff, the only issues of fact which were necessarily decided in the prior criminal action were that the defendant, knowing the content and character of the sexual performance, employed, authorized, or induced the plaintiff, a child less than 16 years of age, to engage in a sexual performance. The issue of consent, or the lack thereof, was not an element of that crime (*see,* Penal Law § 263.05). Moreover, the transcript of the defendant's plea allocution does not contain an admission by him that the plaintiff did not consent to the acts complained of. Therefore, the plaintiff may not avail herself of the doctrine of collateral estoppel on the issue of her consent, since that was not necessarily decided in the prior criminal action, and the defendant did not have a full and fair opportunity to litigate this issue (*see, Allstate Ins. Co. v Zuk,* 78 NY2d 41; *D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659).

The fact that Penal Law § 130.05 (3) deems a person under the age of 17 to be incapable of consent for the purposes of any of the offenses enumerated in Penal Law article 130 has no applicability in this action as the defendant pleaded guilty under Penal Law § 263.05 (*see, Stavroula S. v Guerriera,* 193 AD2d 796; *Barton v Bee Line,* 238 App Div 501).

Similarly, the defendant's conviction did not conclusively establish the necessary elements of the plaintiff's claim for intentional infliction of emotional distress. The evidence in the record of the criminal action fails to show, as a matter of law, that the plaintiff suffered any emotional distress. Nor does it establish that the defendant intended to cause, or knew that his conduct would result in, emotional distress, both of which must be established to impose liability (*see, Richard L. v Armon,* 144 AD2d 1). Thus, the defendant has also met his burden of establishing the absence of a full and fair opportunity to litigate the issue of liability on this cause of action in the prior criminal action (*see, D'Arata v New York Mut. Cent. Fire Ins.*

*Co., supra).* O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.