■ LUCILLE MALVESTUTO, Respondent, v ROBERT MALVESTUTO, Appellant. [688 NYS2d 331] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of plaintiff's motion for summary judgment on the cause of action for assault. Defendant is collaterally estopped from denying that he committed an assault by his plea of guilty to criminal possession of a weapon in the second degree, defined as possession of a gun with intent to use it unlawfully against another, coupled with his admission during the plea colloquy that he shot plaintiff. The court erred, however, in granting that part of plaintiff's motion for sum-

mary judgment on the cause of action for intentional infliction of extreme emotional distress. The plea colloquy does not establish that defendant intended to cause the victim extreme emotional distress or, indeed, that the victim suffered extreme emotional distress (*see, Roe v Barad,* 230 AD2d 839, 840, *lv dismissed* 89 NY2d 938; *Richard L. v Armon,* 144 AD2d 1, 4-5). Further, the issue whether defendant's conduct was so outrageous that it exceeded the bounds of decency presents a question of fact for the jury (*see, Richard L. v Armon, supra,* at 6). (Appeal from Order of Supreme Court, Niagara County, Fahey, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.